THE STATE OF OHIO, APPELLEE, *v.* GRIMES, APPELLANT.

(No. CA83-11-086 — Decided June 11, 1984.)

*George E. Pattison* and *John Daggett,* for appellee.

*M. Joseph Kisor,* for appellant.

JONES, J. Defendant-appellant, Gary Grimes, appeals his conviction of telephone harassment, contrary to R.C. 2917.21(B), at a bench trial in the County Court of Clermont County. After finding appellant guilty, the trial court sentenced him to six months' incarceration and fined him $1,000, suspending all but thirty days of the jail time and $250 of the fine.

Appellant, a plastering subcontractor, became involved in a dispute with Norman Phillips, the general contractor for a job under construction in July 1983. As a result of such dispute, appellant made various telephone calls to Phillips' residence and place of business. The calls continued over a four-day period purportedly for the purpose of resolving the dispute. Appellant claimed that he continued to call Phillips' place of business simply in an effort to talk to Phillips, and that if Phillips had simply returned one call, appellant would have stopped calling. Appellant testified that he advised Phillips that appellant intended to place a lien on the job site premises, whereupon Phillips advised appellant that Phillips would "get even."

For his first assignment of error, appellant claims that the trial court erred as a matter of law in failing to ascertain whether appellant waived his right to counsel intelligently, understandably, and competently. Appellant proceeded to trial without benefit of counsel, after the following colloquy between the court and appellant:

"THE COURT: You were advised of your right to have a lawyer?

"MR. GRIMES: Yes, I was.

"THE COURT: Are you waiving those rights?

"MR. GRIMES: Yes, I am.

"THE COURT: All right, I have a waiver of right to counsel. Basically it says you understood you have the right to have a lawyer and if you cannot afford one, one would be furnished without cost, but you don't want one, correct or not?

"MR. GRIMES: That's correct, Your Honor.

"THE COURT: Would you sign that, please? What is your plea to the telephone call or calls?"

The record quoted above and the facts heretofore recited in this decision are taken from appellant's brief. The state of Ohio has failed to file a brief. App. R. 18(C) provides, *inter alia,* that when appellee fails to file a brief, in determining the appeal, this court may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. Pursuant to App. R. 18(C), we therefore accept appellant's statement of the facts and

issues as correct, and will now determine if the judgment should be reversed.

Although an accused is constitutionally guaranteed the right to be represented by counsel, such right may be waived, provided it is waived intelligently, understandably, and in a competent manner. Significantly, in the case at bar, the court did not advise appellant as to the possible maximum penalty, or even the possibility or likelihood of incarceration upon conviction. Nevertheless, the trial court permitted appellant to proceed to trial without counsel. *Von Moltke* v. *Gillies* (1948), 332 U.S. 708, 723, 724, in reference to the court's obligation to advise defendant of his right to counsel, holds "'* * * This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. * * *'"

R.C. 2917.21(B) is a first degree misdemeanor, punishable by a maximum sentence of six months and a maximum fine of $1,000. The Committee Comment to the legislation, H.B. No. 511, indicates the offense is a "serious misdemeanor." Crim. R. 2 defines "serious offense" as "'* * * any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for *more* than six months." (Emphasis added.) Apparently then this case involves a "serious misdemeanor," but not a "serious offense." See, *e.g., Toledo* v. *Chiaverini* (1983), 11 Ohio App. 3d 43. The question we must resolve, therefore, is whether or not *Von Moltke, supra,* applies to the facts of this case.

It is noteworthy that the Ohio Supreme Court recently decided that *Miranda* v. *Arizona* (1966), 384 U.S. 436 [36 O.O.2d 237], is applicable to all misdemeanors. A defendant charged with driving while under the influence of alcohol or drugs must be given his rights under *Miranda, supra. State* v. *Buchholz* (1984), 11 Ohio St. 3d 24, obviously departs from prior law in extending the protection of *Miranda* to persons who are charged with a misdemeanor, as well as a person charged with a felony. If a person charged with a misdemeanor is entitled to *Miranda* warnings, would he not also be entitled to similar protection when making the decision to retain counsel or proceed to trial without counsel? The right to counsel is certainly just as fundamental as the right to remain silent. The Supreme Court stated in *Buchholz, supra,* that its decision should not be construed as requiring court-appointed counsel for prosecutions in which no term of incarceration may be given as a sentence. The court further observed that the Fifth Amendment right to be free from self-incrimination is analytically distinct from the Sixth Amendment right to counsel in a criminal prosecution which carries the possibility of incarceration. Incarceration, of course, was a distinct possibility in the case at bar. *Von Moltke, supra,* does not specifically distinguish between felonies and misdemeanors. *Argersinger* v. *Hamlin* (1972), 407 U.S. 25, 37, however, held that the Sixth Amendment right to counsel applies to an in-

digent defendant in a criminal case where possible incarceration is involved, whether the offense is classified as petty, misdemeanor or felony. There would seem to be no reason to limit the doctrine of "intelligent waiver" to indigent defendants alone. Even when a defendant has funds to retain counsel he cannot waive such right unless he is first appraised of the possible consequences. We therefore believe *Von Moltke, supra,* is applicable to the facts herein, and that the trial court should have made further inquiry in order to determine whether the waiver of counsel was done in an intelligent, understandable, and competent manner. For these reasons, we find the first assignment of error to be well-taken.

For his second assignment of error, appellant alleges that the trial court erred as matter of law in admitting evidence concerning the character of appellant. Edward L. Donnelly, Sr. was called as a witness for the prosecution. He testified concerning appellant's "bad temper" as well as to other behavioral characteristics of appellant. Donnelly also testified as to an alleged telephone conversation between appellant and Donnelly's wife, and described an episode wherein appellant allegedly attempted to cause damage to an automobile owned by Donnelly's son. Obviously none of such testimony had any possible relationship to the issues in the case at bar, and was not admissible under the facts of this case. The fact that much of such inadmissible testimony was received without objection might not rise to reversible error, absent our ruling on the first assignment. Failure to interpose timely objections emphasizes the necessity of counsel and the further necessity that

counsel be waived intelligently. We therefore find the second assignment to be well-taken under the facts of this case.

For his third assignment, appellant says that the trial court erred in failing to have the proceedings before it properly transcribed. The testimony was transcribed on a cassette tape, and the entire testimony of Phillips, the prosecuting witness, is not available. In view of our ruling on the first two assignments of error, we deem this assignment of error to be moot.

Judgment reversed and the cause remanded for further proceedings according to law and not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

KOEHLER, J., concurs.

HENDRICKSON, P.J., dissents.

HENDRICKSON, P.J., dissenting. I dissent for the reason that defendant, by his answer to the trial judge in the colloquy quoted in his brief, acknowledges a previous appearance before the trial court in which he was advised of his right to counsel. Such a prior appearance is consistent with Crim. R. 5 which requires an initial appearance at which the trial judge shall inform defendant "[o]f the nature of the offense against him"; as well as his right to counsel, etc. Since defendant chose not to refer to the record of the initial appearance[1] and since the proceedings during that appearance have not been transcribed for the record, we are unable to determine that there is any failure on the part of the trial court to

---

[1] The docket establishes that defendant appeared before the trial court subsequent to his arrest and that there was a lapse of several weeks between this appearance and

the actual trial. Thus, there is every reason to conclude that defendant's first assignment of error must be based upon the proceedings at that appearance.

properly inform defendant of the nature of the charge against him as required by Crim. R. 5. To infer, as does the majority of this court, that the record of a subsequent proceeding establishes a failure to comply with Crim. R. 5 and with the procedural requirements established by the Supreme Court of the United States is to ignore Crim. R. 5 and to presume failure to comply therewith. Therefore, in the absence of the production by appellant of the transcript of the initial appearance, I would overrule the first assignment of error and, for the same reasons, would overrule the second assignment of error.

As for the third assignment of error, it is my judgment that the record could have been supplemented in accordance with the provisions of App. R. 9(C), but since appellant failed to do so, this assignment of error should be overruled. Therefore, I would affirm the judgment of the trial court.