FORD MOTOR CREDIT COMPANY, APPELLEE, *v.* POTTS, APPELLANT; GRAHAM FORD, INC., APPELLEE.

(No. 85AP-787 — Decided
April 15, 1986.)

*Porter, Wright, Morris & Arthur* and *James P. Botti,* for appellee Ford Motor Credit Co.

*Ruth F. Ross, Leslie Varnado, Jr.,* and *Legal Aid Society of Columbus,* for appellant.

*Dominic J. Chieffo,* for appellee Graham Ford, Inc.

REILLY, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas dismissing defendant Dasie A. Potts' third-party complaint and counterclaim and awarding a default judgment in favor of plaintiff in the amount of $1,861.38, plus interest and costs.

A replevin action was filed by plaintiff, Ford Motor Credit Company ("Ford"), on October 19, 1984, against Potts alleging default on a retail installment contract involving the purchase of a 1984 Ford Escort. Ford sought to reclaim the car in which it retained a security interest. Potts filed an answer and counterclaim against Ford alleging fraudulent inducement and violations of the Ohio Consumer Sales Practices Act, R.C. Chapter 1345. An agreement was reached between Ford and Potts and the car was subsequently repossessed and sold in December 1984. After the sale, Ford filed a supplemental complaint seeking to recover a deficiency of $1,861.38.

Potts filed a third-party complaint against Graham Ford, Inc. ("Graham"), on December 4, 1984, alleging fraudulent inducement and violations under the Consumer Sales Practices Act. An answer to Ford's supplemental complaint was filed by counsel for Potts in February 1985.

The assignment commissioner scheduled the case for trial on August 14, 1985, which trial date was published in the Daily Reporter from early May through early August. Neither Potts' trial counsel nor co-counsel received actual notice of the trial date. The case was called for trial on August 14, 1985, but neither counsel nor Potts appeared. Based on the failure of appearance, Potts' third-party complaint and counterclaim were dismissed with prejudice and judgment was rendered in favor of Ford for the deficiency.

Potts has timely appealed and raises the following assignments of error:

"1. The Franklin County Common Pleas Court erred when it dismissed the appellant's third-party complaint and counterclaim without giving notice of the dismissal to the appellant's counsel in accordance with Ohio Civil Rule 41(B)(1).

"2. The Franklin County Common Pleas Court erred by entering a default judgment against the appellant on the date of the trial, August 14, 1985."

Civ. R. 41(B)(1) provides:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a

defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

This court has previously held that the language of Civ. R. 41(B)(1) requires notice to be given to plaintiff's counsel as a condition precedent to dismissal upon the merits, where neither plaintiff nor his counsel appears for trial. *Metcalf v. Ohio State Univ. Hosp.* (1981), 2 Ohio App. 3d 166. Under the provisions of Civ. R. 41(C), defendant's counsel was entitled to notice prior to dismissal of her claims for affirmative relief, in order to afford her an opportunity to explain or correct her nonappearance, or to explain why her claims should not be dismissed on the merits.

Graham contends that notice may be implied to defendant, as she received notice of the trial date, and cites Loc. R. 21.01 of the Court of Common Pleas of Franklin County, General Division:

"Publication in the Daily Reporter shall be deemed official and complete notification to all Franklin County counsel of any assignment of any case for any purpose whatever and it shall be the duty of such counsel to ascertain from the Daily Reporter any official notification contained therein pertaining to any case with which he is concerned."

Defendant concedes that notice of the trial date did appear in the Daily Reporter. There is dictum to the effect that, in the instance where dismissal is sought for failure of prosecution upon the default of appearance by one party at trial, then, notice of trial should be deemed adequate notice under Civ. R. 41, where it may be anticipated by an absent party that dismissal of his claim with prejudice will be the consequence of his nonappearance. *Schreiner v. Karson* (1977), 52 Ohio App. 2d 219 [6 O.O.3d 237].

The problem with such a policy is that nonappearance may be caused by events beyond a party's control, such as faulty notice of trial. It seems to us

preferable that the party be given notice and an opportunity to bring such circumstances to the court's attention prior to the rendering of a judgment against him on the merits, rather than requiring the court and the parties to untangle the situation later through a motion for relief from judgment or an appeal. Giving this defendant notice will afford her only an opportunity to explain the circumstances of her nonappearance — there is no requirement that the court relieve her of the consequences of her nonappearance, if it was inexcusable. The burden will be upon her to explain why her case should not be dismissed for failure of prosecution, or at least why any dismissal should be without prejudice. And, should the trial court accept her explanation that her nonappearance did not amount to failure of prosecution, it may still deem a lesser sanction than dismissal warranted — for example, ordering defendant to pay the expenses of the other parties, incurred as the result of her nonappearance.

Accordingly, it is our view that notice of trial does not incorporate or imply the notice required by Civ. R. 41 as a condition precedent to dismissal of a party's claim for affirmative relief for failure to prosecute. Because there is no contention that any other notice was given defendant, the first assignment of error is sustained.

In the second assignment of error, defendant contends that the court erred in entering judgment for Ford on its supplemental complaint. Moreover, this court notes that Ford did not file a brief or a transcript in the instant appeal. App. R. 18(C) provides:

"If an appellant fails to file his brief within the time provided by this rule, or within the time as extended, the court may dismiss the appeal. If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument except by permission of the

court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, *the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."* (Emphasis added.)

Defendant contends that the court did not take any evidence on Ford's claim but merely awarded Ford judgment because defendant failed to appear at trial. We accept this statement as true as there appears no recitation of evidence in the judgment entry.

It is further noted that there were issues of fact pending between these two parties. Potts filed both an answer to Ford's supplemental complaint and a counterclaim. As noted in *Garrison Carpet Mills* v. *Lenest, Inc.* (1979), 65 Ohio App. 2d 251 [19 O.O.3d 208], at paragraphs three and four of the syllabus:

"3. Where issues of fact are pending between the litigants, there can be no judgment by default, even though the defendants are absent on the date of trial.

"4. Under such circumstances, the court must hear the evidence as though the defendants were present; and, if the plaintiff maintains his burden of proof and establishes a prima facie case, the court may render appropriate judgment."

It appears from the judgment entry and the statement of facts by defendant that in fact there was no presentation of evidence by Ford. Therefore, Ford failed to maintain its burden of proof or establish a prima facie case entitling it to judgment.

Defendant's second assignment of error is also sustained.

For the foregoing reasons, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded for further proceedings in accordance with law and consistent with this opinion.

> *Judgment reversed*
> *and cause remanded.*

STRAUSBAUGH and NORRIS, JJ., concur.