**The STATE of Ohio, Appellee,**

**v.**

**WILSON, Appellant.**

[Cite as *State v. Wilson* (1990), 64 Ohio App.3d 357.]

Court of Appeals of Ohio,
Highland County.

No. 711.

Decided Jan. 11, 1990.

*Ralph W. Phillips*, for appellee.

*Jon C. Hapner*, for appellant.

Homer E. Abele, Presiding Judge.

This is an appeal from a Highland County Court judgment convicting appellant of disorderly conduct in violation of R.C. 2917.11(A)(2). The court fined appellant sixty-five dollars.

We reverse.

### Assignment of Error I

"The trial court erred to the prejudice of the defendant in finding him guilty by uttering an offensively coarse utterance, or communication unwarranted and grossly abusive language to any person."

Appellant was a customer in Tucker's Restaurant in Greenfield, Ohio, on September 22, 1988. Appellant was served a sandwich which contained hair.

Appellant told the waitress, "I ain't eating this fucking shit, it's got hair on it." The waitress replied, "What do you want me to do about it, I didn't fix it?" Appellant responded, "Well, you fucking work here don't you?"

As appellant was leaving the restaurant, he was called back by another restaurant employee and told she did not like some remarks he had made earlier about her. Appellant responded, "Do you think I give a fuck about your feelings?" When one of the employees threatened to call the police, appellant replied, "Have you ever seen a policeman put his teeth back in his mouth?" Finally, as appellant left the restaurant, he yelled, "National Geographic."

Appellant was charged with a violation of R.C. 2917.11(A)(2), which states:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

" * * *

"(2) Making unreasonable noise or offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person[.]"

Appellant contends he can be convicted under only R.C. 2917.11(A)(2) if his words constitute "fighting words." We agree.

In *State v. Hoffman* (1979), 57 Ohio St.2d 129, 11 O.O.3d 298, 387 N.E.2d 239, paragraph one of the syllabus, the Ohio Supreme Court stated:

"A person may not be punished under R.C. 2917.11(A)(2) for 'recklessly caus(ing) inconvenience, annoyance, or alarm to another,' by making an 'offensively coarse utterance' or 'communicating unwarranted and grossly abusive language to any person,' unless the words spoken are likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace. (*Cincinnati v. Karlan* [1974], 39 Ohio St.2d 107 [68 O.O.2d 62, 314 N.E.2d 162], followed.)" See, also, *State v. Wylie* (1984), 19 Ohio App.3d 180, 19 OBR 287, 482 N.E.2d 1301.

Although appellant's language can easily be found to be offensive, the words do not seem to constitute threats to anyone and do not seem likely to cause the average person to breach the peace. The trial court found appellant's statements were directed at specific individuals and were therefore not constitutionally protected speech. However, the court noted appellant was provoked into his behavior by the indifference to his objections to the offensive food served him and a total lack of concern regarding both the food and his displeasure. We believe that even if appellant's statements were directed towards specific individuals they did not meet the *Hoffman* standard

of being "likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace."

Appellant's first assignment of error is sustained.

### Assignment of Error II

"The rights of the defendant Wilson were prejudiced in having Judge John O. Crouse to sit upon said case, in that there was no jurisdiction for said judge to sit on said case and the assignment was both erroneous and prejudicial."

■ The elected county court Judge, Robert J. Judkins, *sua sponte* recused himself in this matter because he had previously sued appellant in a civil suit. The Highland County Common Pleas Court appointed Judge John O. Crouse of the Highland County Municipal Court to hear the case. Appellant filed an affidavit of bias and prejudice against Judge Crouse, alleging that Judge Crouse was the attorney for Judge Judkins in an action pending in common pleas court. The affidavit was overruled and Judge Crouse conducted the trial. Appellant contends that the court of common pleas had no authority to appoint Judge Crouse. We disagree.

R.C. 2937.20 states in part:

"When a magistrate or a judge of a court inferior to the court of common pleas is interested in a cause pending before him, or is related to or has a bias or prejudice either for or against a party to such cause or to his counsel, or is otherwise disqualified to sit in such cause, on the filing of an affidavit of such party or his counsel, setting forth the fact of such interest, relationship, bias, prejudice, or disqualification, the clerk or deputy clerk of such court, or such magistrate, shall enter the filing of such affidavit * * * and, forthwith notify the presiding judge * * * who shall proceed without delay to examine into said affidavit, and * * *, he shall designate another magistrate of the township or county, or another judge of said inferior court, or the court of common pleas to hear and determine said cause. * * * "

Appellant cites *Bedford v. Lacey* (1985), 30 Ohio App.3d 1, 30 OBR 38, 506 N.E.2d 224, in which the court found R.C. 2937.20 applies only when an affidavit of prejudice is filed by the party or his counsel, and does not contain a provision applicable to judges who disqualify themselves. We do not find it necessary to follow the *Bedford* ruling in the instant case as appellant has demonstrated no prejudice by the appointment of Judge Crouse by the Highland County Court of Common Pleas. Appellant's second assignment of error is overruled.

*Judgment reversed*
*and final judgment entered*
*in favor of appellant.*

GREY, J., concurs.

STEPHENSON, J., concurs in judgment only.