**State v. Hampton**
**Case No. C-890046**
**Hamilton County, (1st)**
**Decided January 31, 1990**
[Cite as 1 AOA 7]

*Richard A. Castellini, City Solicitor, Terrence R. Cosgrove, City Prosecutor, and Chad C. Warwick, Esq., Room 200, 230 East Ninth Street, Cincinnati, Ohio 45202, for Plaintiff-Appellee,*

*Sirkin, Pinales, Mezibov & Schwartz and H. Louis Sirkin, Esq., 920 Fourth and Race Tower, 105 West Fourth Street, Cincinnati, Ohio 45202, for Defendant-Appellant.*

*PER CURIAM.*
This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Local Rule 12, the record from the trial court, and the briefs and arguments of counsel.

The defendant-appellant, Rebecca Hampton, was charged with disorderly conduct for allegedly directing offensive language toward a police officer. The defendant entered a plea of not guilty to the charge. A bench trial was conducted and the defendant was found guilty as charged. She was sentenced as appears of record.

In her sole assignment of error, the defendant alleges the trial court erred in finding her guilty of disorderly conduct when the evidence adduced at trial was insufficient to sustain a conviction. We agree.

The defendant was charged with a violation of R.C. 2917.11 (A) (2), which states in pertinent part:

> No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:
> * * *
> (2) Making unreasonable noise or offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person.

In reviewing this part of the statute, the Ohio Supreme Court asserted in *State v. Hoffman* (1979) 57 Ohio St. 2d 129, 387 N.E.2d 239 that:

> A person may not be punished under R.C. 2917.11 (A) (2) for "recklessly caus[ing] inconvenience, annoyance, or alarm to another," by making an "offensively coarse utterance," or "communicating unwarranted and grossly abusive language to any person," *unless* the words spoken are likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace. [Emphasis added.]

After reviewing the record, we are persuaded that the evidence presented at trial

failed to establish that the words uttered by the defendant were, in the words of Hoffman, likely "to inflict injury or provoke the average person to an immediate retaliatory breach of the peace." Accordingly, the trial judge erred as a matter of law in holding that all the elements of the offense had been proved beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St. 2d 169, 383 N.E.2d 132. The judgment of the trial court is reversed and the defendant discharged from further prosecution concerning the charge lodged against her.

Costs to be taxed in compliance with App. R. 24.

And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty.

It is further ordered that a certified copy of this Memorandum Decision and Judgment shall constitute the mandate pursuant to App. R. 27.

To all of which the appellee, by its counsel, excepts.

UTZ, P.J., DOAN and GORMAN, JJ.

---

[1] The police officer alleged the defendant approached him and said "just because you've got a f _ _ _ _ _ _ badge you think you can f_ _ _ with people" and continued with "f_ _ _ you and your gun, money talks so I'll walk."