HELMECI, Appellant,

v.

REGISTRAR, BUREAU OF MOTOR VEHICLES, Appellee.

[Cite as *Helmeci v. Ohio Bur. of Motor Vehicles* (1991), 75 Ohio App.3d 172.]

Court of Appeals of Ohio,
Ottawa County.

No. 91–OT–003.

Decided July 26, 1991.

*Stephen Cottrell,* for appellant.

SHERCK, Judge.

This is an appeal from the Ottawa County Court of Common Pleas, Juvenile Division, which denied a petition to reinstate the driving privileges of appellant.

Because we find that the procedure whereby appellant's operator's license was suspended was not in conformity with statutory requirements, we reverse.

Appellant, Jamie T. Helmeci, a student at Woodmore High School, received notice from the Ohio Bureau of Motor Vehicles ("BMV") that his motor vehicle operator's license was being suspended pursuant to R.C. 4507.061(B) for a period of two years, effective November 10, 1990. The reason for the suspension of appellant's driving privileges, as listed on the "superintendent notification form," was appellant's suspension or expulsion from school pursuant to R.C. 3313.66 due to "the use or possession of alcohol, a drug of abuse,

or alcohol and a drug of abuse." The notification form was signed by Gary M. Keller, Superintendent of Sandusky County Schools. It is undisputed that Thomas D. Robey, not Keller, is the Superintendent of Woodmore Local Schools.

On November 27, 1990, appellant filed a petition in the Ottawa County Court of Common Pleas, Juvenile Division, requesting that his driving privileges be restored. Appellant claimed that he had not been suspended or expelled from school for alcohol or drug use or possession, that he had not received proper notice, and that R.C. 4507.061 was unconstitutional.

A hearing was held on December 18, 1990. No transcript of that proceeding was included in the record on appeal.

On December 21, 1990, the juvenile court denied appellant's petition and found, among other things, that "the notification from the Superintendent to the Registrar of the Bureau of Motor Vehicles was not made in error." This timely appeal of that judgment followed.

Appellant cites a single assignment of error:

"The driver's license suspension provided by O.R.C. Section 4507.061 specifically provides that the superintendent of the school district of the student in question must comply with O.R.C. Section 3321.13 and there is no authority for the county superintendent of schools to effectuate such a driver's license suspension by attempting to substitute for the school superintendent."

█ At the outset we would note that appellee, Registrar of Motor Vehicles, has failed to file a brief or otherwise appear here or in the trial court. Accordingly, the statement of facts of appellant will be accepted as correct pursuant to App.R. 18(C). *Ford Motor Credit Co. v. Potts* (1986), 28 Ohio App.3d 93, 28 OBR 136, 502 N.E.2d 255, and *State v. Grimes* (1985), 17 Ohio App.3d 71, 17 OBR 126, 477 N.E.2d 1219.

Appellant asserts that a county school superintendent lacks the statutory authority, under R.C. 3313.66, to suspend or expel a child from school. Therefore, appellant maintains that a county superintendent has no authority to notify the BMV of such suspension or expulsion under the provisions of R.C. 4507.061.

█ The question before this court is whether the governing sections of the Ohio Revised Code empower a county superintendent of schools to send notification of a suspension or expulsion of a student in a school system within that county to the BMV.

R.C. 3321.13(B)(3) provides as follows:

"Whenever a pupil is suspended or expelled from school pursuant to section 3313.66 of the Revised Code and the reason for the suspension or expulsion is the use or possession of alcohol, a drug of abuse, or alcohol and a drug of abuse, *the superintendent of schools of that district* may notify the registrar and the juvenile judge of the county in which the district is located of such suspension or expulsion. \* \* \*" (Emphasis added.)

R.C. 3321.13(B) must be analyzed in conjunction with the language of R.C. 3313.66 to which it refers. R.C. 3313.66 is the triggering statute for R.C. 3321.13(B)(3). There would be no requirement for a superintendent to notify the Registrar of Motor Vehicles of a student's suspension for drug and/or alcohol usage unless the due process procedures of R.C. 3313.66 were followed. In fact, R.C. 3321.13(B)(3) seems curiously out of place having been inserted in an attendance chapter of the code when in reality it serves as a supplemental penalty to suspension and expulsion.

R.C. 3313.66 states, in pertinent part:

"(A) *The superintendent of schools of a city, exempted village, or a local school district,* or the principal of a public school *may suspend a pupil* from school \* \* \*.

"(B) *The superintendent of schools of a city, exempted village, or local school district may expel a pupil* from school \* \* \*." (Emphasis added.)

From the language of the statute, it is clear that the authority to suspend or expel a public school pupil is vested solely in the superintendent of the school district or the principal of the school which the pupil attends. A county school district is an entity separate from a local school district. R.C. 3311.03; 3311.05. A county school superintendent has no power to suspend or expel a student from a local school district. R.C. 3321.13(B)(3) provides that when a student is suspended or expelled from a school district for possession of drugs or alcohol, the BMV notification is to be made by " \* \* \* the superintendent of schools of *that district* \* \* \* [emphasis added]," R.C. 3321.13(B)(3). "That district" must be the district from which the student was expelled or suspended. Thus, reading R.C. 3321.13(B)(3) *in pari materia* with R.C. 3313.66 there is no ambiguity. The superintendent of the district from which the pupil is suspended is the superintendent who is to send the notice to the Registrar of Motor Vehicles.

 A more interesting and critical question is whether the sending of the suspension notice by the wrong superintendent is reversible error. If the sending of the notice is a perfunctory ministerial function then surely it is not. However, R.C. 3321.13(B)(3) says the "superintendent \* \* \* *may* notify the registrar." (Emphasis added.) We hold this to be a permissive duty rather

than a mandatory duty on the part of the superintendent. Since it is permissive in nature, due process would require that the decision to send or not send the notice be made by the appropriate superintendent who is responsible for the suspension process in the school district. That superintendent would arguably have detailed knowledge of the facts leading to the school suspension and whether the student's conduct merited the initiation of the license suspension process.

Accordingly, appellant's assignment of error is well taken.

On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas, Juvenile Division, is reversed. This case is remanded to the trial court for the purpose of notifying the Bureau of Motor Vehicles of this court's decision. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

ABOOD, J., concurs.

MELVIN L. RESNICK, J., dissents.

MELVIN L. RESNICK, Judge, dissenting.

Finding no ambiguity in R.C. 3321.13, I see no need for the application of the construction doctrine of *"in pari materia"* in this case. Had the legislature wished to include a local school superintendent for purposes of reporting to the Registrar of Motor Vehicles in these instances, it could have done so. Having specifically listed only superintendents of exempted village, city and county school districts in subsection (A) of the statute, further reference in subsections (B)(1), (2) and (3) to superintendents of "that" district can only refer to those in subsection (A). The majority has in effect included a local school superintendent for purposes of notification under subsection (B)(1) and (B)(2) and has created an ambiguity where none existed. I therefore respectfully dissent.