The STATE of Ohio, Appellee,

v.

MILLER, Appellant.

[Cite as *State v. Miller* (1996), 110 Ohio App.3d 159.]

Court of Appeals of Ohio,
Fourth District, Meigs County.

No. 94CA16.

Decided March 29, 1996.

**160**

*Little, Sheets & Warner* and *Linda R. Warner,* Special Prosecutor, for appellee.[1]

*William H. Safranek,* for appellant.

---

HARSHA, Judge.

Shirley Miller appeals from a judgment of conviction and sentence ordered by the Meigs County Court finding her guilty of disorderly conduct in violation of R.C. 2917.11(A)(2), a minor misdemeanor.

Appellant assigns the following error:

---

1. On October 26, 1994, the trial court granted Warner's request to withdraw as special prosecutor from this case. To date, new counsel has not been appointed.

"The court erred in finding appellant guilty in violation of Revised Code 2917.11(A)(2) when the evidence introduced at trial was insufficient to support a conviction."

On April 13, 1994, appellant left her home and walked toward a fence that separates her property from the property of the complainant, Henry Bentz. Appellant greeted Bentz with the following declaratory statement: "I'm tired of being your victim and I'm not going to be your victim anymore. I think you are a real sicko. I think you are a sick son-of-a-bitch." Bentz did not respond to this outburst.

In addition to the fence separating appellant and Bentz, there was also a considerable distance between them as well. This distance was estimated by various witnesses as being between thirty to forty feet or one hundred to one hundred fifty feet.

On April 22, 1994, Bentz swore out two complaints against appellant. One complaint was for aggravated menacing in violation of R.C. 2903.21, a misdemeanor of the first degree. The second complaint was for disorderly conduct in violation of R.C. 2917.11, a minor misdemeanor.

Upon motion of the state, the complaint for disorderly conduct was dismissed without prejudice on May 6, 1994. Shortly thereafter on July 6, 1994, however, the trial court granted the state leave to amend the charge of aggravated menacing to a charge of disorderly conduct. The amended complaint was filed by the state on the following day.

On July 8, 1994, the county court tried appellant on the amended disorderly conduct charge. By judgment entry filed August 12, 1994, the court found appellant guilty of disorderly conduct in violation of R.C. 2917.11(A)(2). The court also explicitly found appellant "not to have violated other subdivisions of Revised Code 2917.11." Appellant timely filed a notice of appeal on September 6, 1994.

Prior to considering the merits of this appeal, we note that appellee has failed to file a brief or otherwise make an appearance in this appeal.[2]

App.R. 18(C) provides that if an appellee fails to timely file its brief, the court, in ruling on the appeal, may accept the appellant's statement of the facts and

---

2. As background and for reasons immaterial to this appeal, appellant filed a motion to disqualify the Meigs County Prosecuting Attorney on May 4, 1994. This motion was sustained on May 6, 1994 and a special prosecutor was appointed by the trial court. The special prosecutor's appointment "shall terminate upon completion of this case." The remainder of appellant's prosecution, including the trial, was handled by the special prosecutor. On October 26, 1994 (after appellant had filed her notice of appeal) the special prosecutor moved the trial court for permission to withdraw and "no longer be obligated in this case either in appeal or otherwise." The trial court granted such permission on the same day.

issues as correct and reverse the trial court's judgment as long as appellant's brief reasonably appears to sustain such action.

Under certain circumstances, an appellate court may need to consider all or part of a trial court's record in such a matter. *Bell v. Horton* (1995), 107 Ohio App.3d 824, 669 N.E.2d 546; *State v. Middleton* (1993), 85 Ohio App.3d 403, 409, 619 N.E.2d 1113, 1117; *Fuller v. Fuller* (1972), 32 Ohio App.2d 303, 304–305, 61 O.O.2d 400, 400–401, 290 N.E.2d 852, 853. However, it is also within an appellate court's discretion to reverse a judgment based solely on a consideration of appellant's brief. *State v. Grimes* (1984), 17 Ohio App.3d 71, 71–72, 17 OBR 126, 126–127, 477 N.E.2d 1219, 1220–1221; *Ford Motor Credit Co. v. Potts* (1986), 28 Ohio App.3d 93, 95–96, 28 OBR 136, 138, 502 N.E.2d 255, 257–258; *Helmeci v. Ohio Bur. of Motor Vehicles* (1991), 75 Ohio App.3d 172, 174, 598 N.E.2d 1294, 1295–1296. Here, we accept appellant's statement of the facts and issues as correct.

In her sole assignment of error, appellant argues that the evidence relied upon by the trial court was insufficient as a matter of law to sustain a conviction for disorderly conduct under R.C. 2917.11(A)(2). We agree.

The Supreme Court of Ohio has clearly defined an appellate court's duty when called upon to review the sufficiency of the evidence to support a criminal conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Specifically, the appellate court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *Id.* at paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.*

Appellant was convicted of violating R.C. 2917.11(A)(2), which states:

"No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

" * * *

"(2) Making unreasonable noise or offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person[.]"

In response to such statutes, the Supreme Court of Ohio has recognized that criminal statutes that are capable of punishing spoken words are unconstitutional unless construed to be inapplicable to speech protected by the First and Fourteenth Amendments of the United States Constitution. *Cincinnati v. Karlan* (1974), 39 Ohio St.2d 107, 109, 68 O.O.2d 62, 64, 314 N.E.2d 162, 164.

Thus, the court held that a person could not be punished under Cincinnati's disorderly conduct ordinance for speaking boisterous, rude or insulting words, even if intended to annoy another, unless the words by their very utterance inflicted injury or were likely to provoke the average person to an immediate retaliatory breach of the peace. *Id.* at paragraph one of the syllabus. Such injurious or provocative language is considered "fighting words" and its utterance can be punished as a criminal act. *Id.* at paragraph two of the syllabus.

■ The Supreme Court later followed *Karlan* and specifically applied its holding to Ohio's disorderly conduct statute. *State v. Hoffman* (1979), 57 Ohio St.2d 129, 11 O.O.3d 298, 387 N.E.2d 239. That is, a person may not be punished under R.C. 2917.11(A)(2) for making an offensively coarse utterance or communicating unwarranted and grossly abusive language unless the words spoken are likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace. *Id.* at paragraph one of the syllabus.

We note that several appellate courts have reversed disorderly conduct convictions for defendants that have used language that was patently more offensive than the "sick son-of-a-bitch" epithet uttered by appellant.[3] In fact, this court reversed the conviction under R.C. 2917.11(A)(2) of a restaurant customer who spoke to his waitress in the following manner: "I ain't eating this fucking shit, it's got hair in it," and "Well, you fucking work here don't you," and "Do you think I give a fuck about your feelings?" *State v. Wilson* (1990), 64 Ohio App.3d 357, 359, 581 N.E.2d 619, 619–620. We reasoned that, although obviously offensive, the customer's words did not constitute threats to anyone or seem likely to cause the average person to breach the peace. *Id.*

The Hamilton County Court of Appeals also reversed a disorderly conduct conviction under R.C. 2917.11(A)(2) in *State v. Hampton* (1990), 66 Ohio App.3d 30, 583 N.E.2d 400. In that case, the defendant approached a police officer and said, "just because you've got a f------ badge you think you can f--- with people." *Id.* at 31, 583 N.E.2d at 401, fn. 1. The defendant continued to say, "f--- you and your gun, money talks so I'll walk." *Id.* The appellate court held that the evidence failed to establish that the defendant's words were likely to inflict injury or provoke the average person to an immediate retaliatory breach of the peace. *Id.* at 32, 583 N.E.2d at 401. Therefore, the trial court erred as matter of law in

---

3. Cf. *State v. Welch* (1978), 53 Ohio St.2d 47, 48, 7 O.O.3d 128, 128, 372 N.E.2d 346, 347, in which Justice Herbert, concurring, noted that the defendant's use of the phrase "you son of a bitch" was likely to provoke the average person to an immediate breach of the peace because "such disparagement of one's mother and other ancestral roots constitutes fighting words within the meaning of the present state of the law."

finding that all the elements of the alleged offense had been proved beyond a reasonable doubt. *Id.*

By comparison, appellate courts have sustained disorderly conduct convictions under the following circumstances. In *State v. Baker* (Sept. 19, 1989), Marion App. Nos. 9–88–8 and 9–88–9, unreported, 1989 WL 108685, the court upheld a conviction when the defendant pointed at an off-duty deputy and stated, "if I catch you outside or on the streets, your ass is grass." Similarly, the court in *State v. Freewalt* (June 30, 1988), Auglaize App. No. 2–87–11, unreported, 1988 WL 72400, upheld the conviction of a defendant who approached a patrolman threatening to "kick ass," because the court was satisfied that such speech had progressed beyond the point of constitutional protection.

The facts presently before this court are plainly distinguishable from the circumstances presented in *Baker* and *Freewalt.* In both of those cases, the defendants used language that expressed an immediate desire to inflict bodily harm upon the listeners. Such utterances are likely to provoke an average person to commit a retaliatory breach of the peace. In the case *sub judice,* however, the appellant merely expressed an opinion, without any threat of present or future violence. Such a statement does not constitute "fighting words" and is thus protected speech under the First and Fourteenth Amendments of the United States Constitution.

Therefore, after an examination of the evidence, as established by appellant's brief and construed in a light most favorable to the state, a rational trier of fact could not have found that all of the essential elements of the crime of disorderly conduct were proved beyond a reasonable doubt. *Jenks, supra.* We believe the state failed to offer sufficient evidence to establish that the words spoken by appellant were likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace. Absent proof of this essential element of the alleged offense, appellant's conviction cannot stand.

Accordingly, we sustain appellant's sole assignment of error. The decision of the trial court is reversed and appellant is discharged from further prosecution concerning this charge against her.

*Judgment reversed.*

PETER B. ABELE, P.J., concurs.

STEPHENSON, J., concurs separately.

STEPHENSON, Judge, concurring.

I concur in the judgment and opinion, but write separately in order to emphasize that my concurrence is based solely on the state of the record and

Judge Harsha's analysis of the law. I place no reliance whatsoever on the operation of App.R. 18(C).