DECISION AND JUDGMENT ENTRY
Appellant Marisa A. Gray appeals her convictions in the Meigs County Court for operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(2) and driving while under suspension in violation of R.C. 4507.02(B). Appellant asserts one assignment of error:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT, MARISA A. GRAY[,] WHEN IT OVERRULED HER MOTION TO DISMISS THE CHARGES AGAINST HER FOR VIOLATION OF HER RIGHT TO A SPEEDY TRIAL, NINETY-TWO (92) DAYS AFTER THE TIME OF HER ARREST FOR MISDEMEANORS OF THE FIRST DEGREE, TO WIT: OMVI A VIOLATION OF ORC SECTION 4511.19(A)(2), AND DRIVING UNDER SUSPENSION A VIOLATION OF ORC SECTION 4507.02(B).
Appellant was arrested for operating a motor vehicle while under the influence of alcohol and driving with a suspended license, among other offenses, on March 1, 1999. Appellant appeared in court and pled guilty to the other offenses on March 3, 1999, but did not plead no contest on the OMVI or driving under suspension offenses until June 14, 1999. Appellant asserts that her speedy trial rights were violated in that she was entitled to a trial on all the offenses within 90 days from her arrest pursuant to R.C. 2945.71.
The state failed to file a brief in this matter but filed a "Notice of No Arguable Issue" indicating that the "[a]ction was taken and sentence was imposed clearly beyond the statutory speedy trial times as set by the Ohio Revised Code." App.R. 18(C) provides that if an appellee fails to timely file its brief, the court, in ruling on the appeal, may accept the appellant's statement of the facts and issues as correct and reverse the trial court's judgment as long as appellant's brief reasonably appears to sustain such action. See State v.Miller (1996), 110 Ohio App.3d 159, 161-162. It is within an appellate court's discretion to reverse a judgment based solely on a consideration of appellant's brief. State v.Grimes (1984), 17 Ohio App.3d 71, 71-72; Ford Motor Credit Co.v. Potts (1986), 28 Ohio App.3d 93, 96; Helmeci v. Ohio Bur.of Motor Vehicles (1991), 75 Ohio App.3d 172, 174. As appellee concurs with appellant's contention of error, we accept appellant's statement of the facts and issues as correct.[1]
Therefore, we reverse and remand this case to the trial court with instructions to discharge appellant in accordance with our opinion.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J. ABELE, J.: Concur in Judgment and Opinion.
For the Court
 BY: ________________________ WILLIAM H. HARSHA, JUDGE
[1] We also note that in her notice of appeal, appellant attached the judgment entry finding her guilty of operating a motor vehicle while intoxicated, but failed to attach the separate judgment entry pertaining to her conviction for driving while under suspension. App.R. 3(D) provides that "[t]he notice of appeal * * * shall designate the judgment, order or part thereof appealed from * * *." In Transamerica Ins. Co. v. Nolan
(1995), 72 Ohio St.3d 320, 322, the Ohio Supreme Court held that the only jurisdictional requirement for filing a valid appeal is the timely filing of a notice of appeal. "When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion." Id. The Supreme Court then found that the appellate court abused its discretion when it dismissed an appeal based on a technical violation where the mistake was made in good faith, no prejudice accrued as a result, the dismissal constituted a disproportionate sanction, the client was punished for the fault of his counsel and the dismissal frustrated the overriding objective of deciding cases on their merits. Id.
Here, appellee did not object to this appeal on jurisdictional grounds and, in fact, conceded that there were no arguable issues on appeal. Clearly, appellee was not prejudiced by its lack of notice regarding appellant's intent to appeal her conviction for driving while under suspension. Furthermore, given that the basis of the appeal is identical for both charges, it would be unjust to decide the assignments as it pertains to one conviction but not the other.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutesa final judgment entry and the time period for further appealcommences from the date of filing with the clerk.