JOURNAL ENTRY and OPINION
¶ 1 This case is before the court on appeal from a decision of the probate division of the common pleas court which concluded that certain real property had been transferred to a valid inter vivos trust by the settlor, Maggie L. Carden. The probate court further held that this trust was properly amended, and pursuant to the amendment the trust should transfer the property to third party defendant St. Mark's Presbyterian Church.
¶ 2 Defendant-appellant Dorothy Phillips, the executrix of the estate of Maggie L. Carden, now appeals. She argues:
 I. THE TRIAL COURT ERRED IN MAKING ITS FINAL ORDER (1) WITHOUT FIRST OBTAINING CLEAR AND CONVINCING EVIDENCE TO DETERMINE WHETHER A TRUST EXISTED; AND (2) WHEN THE RECORD TRANSMITTED ON APPEAL DID NOT CONTAIN SUFFICIENT INFORMATION TO SUPPORT THE COURT'S ORDER.
 II. THE TRIAL COURT ERRED BY ALLOWING NUMEROUS PROCEDURAL IRREGULARITIES WHICH RESULTED IN A DENIAL OF APPELLANT'S RIGHT TO BE HEARD.
 III. THE TRIAL COURT ERRED IN REACHING A DECISION CONTRARY TO THE LAW OF THE STATE OF OHIO.
¶ 3 Appellee has not responded to appellant's brief. Therefore, we may "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C); Ford Motor Credit Co. v. Potts
(1986), 28 Ohio App.3d 93, 96.
¶ 4 Based upon the facts as stated in appellant's brief, there was no evidence in the record to support any decision by the probate court on the merits of the complaint. Therefore, we reverse and remand for further proceedings. In light of this ruling, we also vacate the probate court's order denying appellant's discovery motions as moot.
 PROCEDURAL HISTORY
¶ 5 Velma Strode filed her complaint against Dorothy Phillips, the executrix of Maggie L. Carden's estate, on December 16, 1999. Strode claimed to be the sole surviving trustee of a revocable trust created by Carden on June 26, 1992. Strode alleged that, contemporaneous with the creation of the trust, Carden conveyed two parcels of real property to the trust. Strode's complaint asserted that the trust itself could not be the transferee of the property under Ohio law, but that Carden clearly intended to convey the real property to the trust's two trustees, and the court should accordingly correct the deeds to reflect this intent.
¶ 6 Phillips's answer denied the essential allegations of the complaint and asserted as affirmative defenses that the trust did not exist and the property had never been conveyed to Strode as trustee. Phillips also claimed that Strode failed to name necessary parties in the complaint.
¶ 7 The court allowed Phillips to join St. Marks Presbyterian Church and Willie and Patricia Levy as third party defendants. The third party complaint alleged that Strode had attempted to transfer property to St. Marks, who in turn attempted to transfer the property to the Levys. Phillips claimed that all of these transactions were invalid.
¶ 8 Phillips moved the court for summary judgment. A magistrate's report recommended that the court deny this motion and enter a judgment finding that a valid trust existed and that Strode was the successor trustee. Phillips objected to the report. The probate court sustained these objections and remanded the matter to the magistrate for a hearing on the complaint.
¶ 9 Phillips moved the court for sanctions or to compel discovery, claiming that Strode had failed to respond to her interrogatories, requests for admissions and requests for production of documents. Phillips separately moved for attorney's fees in connection with one of these two motions. She later filed another motion for sanctions raising the same issues.
¶ 10 The court held a limited hearing regarding the admissibility of parol evidence on May 17, 2001. A transcript of this hearing was filed by appellant and was also attached to appellant's brief.[1] This transcript indicates that the court declined to hear evidence regarding an amendment to the trust, and stated that the matter would be returned to the magistrate for further hearing.
¶ 11 The court entered a series of rulings on June 18, 2001. First, the court held that a valid trust was created by trust agreement dated June 26, 1992 and that real property was validly conveyed to the trust. The court also held that the trust was properly amended on January 15, 1999. The court determined that the trust should convey the property to the beneficiary named in the amendment, St. Mark's Presbyterian Church. The court overruled Phillips's motion for summary judgment, and found that her motions for sanctions or to compel discovery were moot. The court also overruled her motion for attorney's fees. Finally, the court dismissed the third party complaint as moot.
 LAW AND ANALYSIS
¶ 12 Phillips's first assignment of error asserts that there was insufficient evidence to prove, by clear and convincing evidence, the elements of a trust, so the probate court erred and abused its discretion by finding that a trust had been established. We agree.
¶ 13 The parties were never given the opportunity to present evidence to the court before it made its decision. The court held a limited hearing on the admissibility of "parol evidence"[2] regarding the creation of the trust, but during that hearing, the court expressly declined to hear evidence regarding the amendment to the trust, and indicated that the matter would be returned to the magistrate for hearing. The court then entered judgment without further notice or an opportunity to present evidence. This is a violation of the cardinal rule of due process, that the parties must be given notice and an opportunity to be heard before the court enters judgment. See, e.g., Whitaker v.Estate of Whitaker (1995), 105 Ohio App.3d 46, 51-52; Talbot v. Talbot
(Nov. 16, 2001), Greene County App. No. 2001CA17, unreported.
¶ 14 There is no admissible evidence in the record regarding the existence or non-existence of the purported trust. A complete recitation of the evidence in the record follows. None of this evidence supports a judgment:
¶ 15 First, at the hearing on May 17, 2001, attorney Lester Tolt testified that he prepared a revocable trust for Ms. Carden which was executed by Ms. Carden and the trustees. This document was not admitted into evidence at the hearing nor did Mr. Tolt identify any document in the record as the one Ms. Carden signed. Hence, there is no record of the trust agreement to which Mr. Tolt referred.
¶ 16 Second, a faxed copy of an affidavit purportedly executed by Tolt was filed on the same day as the court's judgment and was docketed in this case.[3] The affidavit indicates that Tolt prepared a trust agreement for Carden. The trust agreement is referenced as an exhibit to Tolt's affidavit, but no copy of the agreement is attached. The affidavit also refers to recorded deeds allegedly prepared by Tolt to transfer real property into the trust, but does not incorporate copies of those documents.
¶ 17 Third, an unsigned copy of a document entitled "Maggie L. Carden Revocable Trust Agreement" was attached to the complaint. There is no evidence this document was ever executed, nor is there any evidence the terms of this document were adopted by the purported settlor, Maggie Carden. Copies of deeds purporting to transfer property to the "Maggie L. Carden Trust" were also attached to the complaint. These documents were not authenticated.
¶ 18 Finally, an unauthenticated copy of a document entitled "First Amendment to the Maggie L. Carden Trust Agreement Dated June 26, 1992" was attached to Phillips's motion for summary judgment.
¶ 19 None of this material constituted admissible evidence of the existence of a trust or its terms. Therefore, the court had no evidentiary basis for ruling on the merits of the complaint, and erred by entering judgment for Strode. Accordingly, we reverse and remand for further proceedings.
¶ 20 Phillips's second assignment of error contends, among other things, that the probate court erred by refusing to compel Strode to provide discovery. The probate court overruled Phillips's discovery motions as moot in light of its order granting judgment for Strode. The discovery motions clearly are not moot now, in light of our reversal of the judgment. Accordingly, we also vacate those decisions and remand for further proceedings on the motions to compel or for sanctions and the associated motion for attorney's fees.
¶ 21 The remainder of the second assignment of error claims the probate court failed to comply with Civ.R. 53 when it referred this matter to a magistrate then proceeded to make a decision on the merits without a magistrate's report. The third assignment of error claims the court's decision was contrary to law. Our reversal of the probate court's decision on other grounds makes these contentions moot.
¶ 22 Reversed in part, vacated in part, and remanded for further proceedings.
¶ 23 This cause is reversed in part, vacated in part, and remanded to the lower court for further proceedings consistent with this opinion.
¶ 24 It is, therefore, considered that said appellant recover of said appellee her costs herein.
¶ 25 It is ordered that a special mandate be sent to the common pleas court, probate division, to carry this judgment into execution.
¶ 26 A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and ANN DYKE, J. CONCUR
[1] Although this transcript was not certified and filed with the court by the duly appointed court reporter, as required by App.R. 9(B), App.R. 18(C) allows us to accept as correct appellant's statement of the facts, including appellant's recitation of the evidence. State v. Grimes
(1984), 17 Ohio App.3d 71, 71-72.
[2] Attorney Lester Tolt's affidavit and testimony concerned the existence of the trust, not the trust's terms, so they are not parol evidence. See Frankel Chevrolet Co. V. Snyder (1930), 37 Ohio App. 378,381.
[3] There is no indication who submitted this document for the court's consideration. There is no proof of service on the parties.