[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The Millers did not file an appellate brief and have not otherwise entered an appearance in this appeal. Under App.R. 18(C), we are authorized to accept Kline's statement of the facts and issues as correct and reverse the trial court's judgment as long as his brief reasonably appears to sustain such action. See State v. Miller (1996),110 Ohio App.3d 159, 161-162, 673 N.E.2d 934. An appellate court may reverse a judgment based solely on a consideration of an appellant's brief. See Helmeci v. Ohio Bur. of Motor Vehicles (1991),75 Ohio App.3d 172, 174, 598 N.E.2d 1294; Ford Motor Credit Co. v. Potts (1986),28 Ohio App.3d 93, 96, 502 N.E.2d 255; State v. Grimes (1984),17 Ohio App.3d 71, 71-72, 477 N.E.2d 1219.
 DECISION AND JUDGMENT ENTRY
{¶ 1} Philip G. Kline appeals the trial court's decision dismissing his "Interpleader" and "Amended Interpleader" complaint, arguing that the trial court should have examined the body of his complaint and construed it as a motion to intervene. Because an interpleader action clearly is inappropriate in this case, *Page 2 
the trial court did not err by dismissing Kline's complaint insofar as it is an interpleader complaint. However, the substance of Kline's pleading shows that he is seeking to intervene. Because the trial court did not consider the merits of allowing Kline to intervene, we remand this matter to the trial court so that it may consider the applicability of Civ.R. 24. Therefore, we sustain Kline's assignment of error.
 I. FACTS {¶ 2} Ruben T. Sprouse filed a mechanic's lien complaint, asserting that he performed work on property that Jennifer L. Miller fka Sprouse and Cary Miller owned and that they failed to pay. Philip G. Kline and Debbie L. Perry, acting pro se, subsequently filed a document entitled "Interpleader," in which they also asserted liens against the property. Shortly thereafter, they filed a document entitled "Amended Interpleader," which set forth their claims more specifically. The Millers then filed a motion to dismiss Kline's and Perry's interpleader action, arguing that Kline and Perry's interpleader complaint failed to state a claim upon which relief could be granted and also failed to comply with the Ohio Civil Rules. The trial court granted the Millers' motion. Kline filed a pro se notice of appeal but Perry did not.
 II. ASSIGNMENT OF ERROR {¶ 3} Kline assigns the following error: "Appellants assigns [sic] as error the decision of the lower court to `dismiss' `Interpleader' and "Amended Interpleader,' with documentation and liens recorded and attached. Denied `due process' and `redress of grievances.'" We construe this to mean that the trial *Page 3 
court erred by granting the Millers' motion to dismiss Kline's "Interpleader" and "Amended Interpleader" complaint.
 III. SCOPE OF APPEAL {¶ 4} Before we address the merits of Kline's assignment of error, we must define the scope of this appeal. Kline appears to also assert that the trial court erred by dismissing Perry's interpleader action, i.e., he refers to the parties as "appellants." However, because only a licensed attorney may represent another party in a legal proceeding, seeCuyahoga Cty. Bar Assn. v. Spurlock, 96 Ohio St.3d 18, 770 N.E.2d 568,2002-Ohio-2580, at ¶ 8, and Savage v. Savage, Lake App. Nos. 2004-L-024 and 2004-L-40, 2004-Ohio-6341, Kline may not raise arguments on Perry's behalf. Thus, Perry is not a party to this appeal, and we consider the assignment of error only as it relates to Kline. See Hineman v.Brown, Trumbull App. No. 2002-T-6, 2003-Ohio-926 (stating that pro se party could not represent other pro se party on appeal).
 IV. MOTION TO DISMISS {¶ 5} Because it presents a question of law, we review a trial court's decision regarding a motion to dismiss independently and without deference to the trial court's determination. See Roll v. Edwards,156 Ohio App.3d 227, 235, 2004-Ohio-767, 805 N.E.2d 162; Noe v. Smith
(2000), 143 Ohio App.3d 215, 218, 757 N.E.2d 1164. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." State ex rel.Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548,605 N.E.2d 378. A trial court may not grant a motion to *Page 4 
dismiss for failure to state a claim upon which relief may be granted unless it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ.Community Tenants Union (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus; see, also, Greeley v. Miami Valley Maintenance Contractors,Inc. (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. Furthermore, when considering a Civ.R. 12(B)(6) motion to dismiss, the trial court must review only the complaint, accepting all factual allegations as true and making every reasonable inference in favor of the nonmoving party.Estate of Sherman v. Millhon (1995), 104 Ohio App.3d 614, 617,662 N.E.2d 1098, 1100; see, also, JNS Enterprises, Inc. v. Sturgell, Ross App. No. 05CA2814, 2005-Ohio-3200.
 {¶ 6} In determining whether an action sets forth a claim upon which relief can be granted, a trial court should look to the body of the complaint. Klein and Darling, Ohio Civil Practice (2006), Section 22:1. Improperly labeling the pleading as a "complaint in interpleader" is surplusage. Id., citing Pallat Son Ins. Agency v. Smith (July 28, 1977), Cuyahoga App. No. 36190 (complaint improperly labeled as "complaint in interpleader" asserted a claim in the nature of a creditor's bill). The description of the pleading is not controlling, but rather, the substance is. Id. "In short, to determine whether a plaintiff has set forth a cause of action, a court must look to the body of the complaint." Pallat.
 V. INTERPLEADER {¶ 7} Civ.R. 22 governs interpleader actions and provides:
 Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such *Page 5 
that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.
 In such an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party may deposit all or any part of such sum or thing with the court upon notice to every other party and leave of court. The court may make an order for the safekeeping, payment or disposition of such sum or thing.
 {¶ 8} The purpose of interpleader is "`to expedite the settlement of claims to the same subject matter, prevent multiplicity of suits, with the attendant delay and added expense, and to provide for the prompt administration of justice.'"Sharp v. Shelby Mut. Ins. Co. (1968),15 Ohio St.2d 134, 144, 239 N.E.2d 49. An interpleader action is available to a party who may be exposed to double or multiple liability for an admitted debt. Civ.R. 22. The staff notes to Civ.R. 22 describe an interpleader action as:" * * * a two-stage action. A stakeholder who controls a fund is subjected to the claims of two or more claimants. The stakeholder does not know who is the proper claimant. The stakeholder does not wish to pay the `wrong' claimant and thus expose himself to suit by the `proper' claimant. In the first stage, the stakeholder, in order to avoid a multiplicity of suits and possible multiple liability, interpleads the claimants. In the second stage, ordinarily, the stakeholder drops out, leaving the claimants to establish the validity of one of the claims. One claimant will be successful in the second *Page 6 
stage." See, generally, Wheeler v. The Ohio State Univ. Med. Ctr, Scioto App. No. 03CA2922, 2004-Ohio-2769, at ¶ 12.
 {¶ 9} Here, Kline's "Interpleader" and "Amended Interpleader" pleadings clearly are not proper. Nothing in the pleadings show that Kline controls a fund that may be subjected to two or more claimants in the underlying action. Thus, the trial court properly dismissed the pleadings insofar as Kline seeks to interplead. However, a review of the pleadings reveals that Kline actually is attempting to intervene. The trial court apparently did not consider whether Kline is entitled to intervene. Accordingly, we sustain Kline's assignment of error to a limited extent and remand this matter to the trial court so that it can determine whether Kline's pleading satisfies the requirements of Civ.R. 24[2]. *Page 7 
JUDGMENT AFFIRMED IN PART,
REVERSED IN PART,
 AND CAUSE REMANDED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED and that Appellees and Appellant split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. and Abele, J.: Concur in Judgment and Opinion.
[2] Civ.R. 24 states:
 (A) Intervention of right
 Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 (B) Permissive intervention
 Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
 (C) Procedure
 A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene. *Page 1