OPINION
{¶ 1} Appellant, Denise Brewster, appeals from the December 13, 2002 judgment entry of the Mentor Municipal Court denying her motion to set aside its November 5, 2002 judgment dismissing her case.
 {¶ 2} On March 1, 2002, appellant filed a complaint against appellees for conversion and unjust enrichment arising from their alleged misappropriation of a headstone toward which they made no monetary contribution. On June 11, 2002, the trial court held a case management conference and set a trial date of July 30, 2002. On July 18, 2002, the trial court granted appellee's motion to reschedule the trial for a later date. Appellant subsequently filed a motion for leave to file an amended complaint and for an extension of the discovery deadline. On July 26, 2002, the trial court granted appellant's motions. Although the trial court's docket indicates that notice of a new trial was sent on August 15, 2001, appellant alleges she never received said notice.[1]
 {¶ 3} On November 5, 2002, a bench trial was held in appellant's absence. The trial court subsequently issued a judgment entry dismissing appellant's claim. On December 12, 2002, appellant filed her motion to set aside the judgment pursuant to Civ.R. 60(B). The following day, the court denied appellant's motion without explanation. Appellant now appeals.
 {¶ 4} In her brief, appellant assigns one error for our review:
 {¶ 5} "The trial court erred in denying Plaintiff/Appellant's Motion to Set Aside Judgment filed pursuant to Ohio Rule of Civil Procedure 60(B) where the Plaintiff/Appellant demonstrated that she met all three tests for relief from judgment set forth inGTE Automatic Elec., Inc. v. Arc Industries, Inc.,351 N.E.2d 113 (1976), paragraph two of the syllabus."
 {¶ 6} In theory, Civ.R. 60(B) attempts to strike a balance between protecting the finality of judgments and the unjust operation of a voidable judgment. See, e.g. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 79. As a remedial rule, Civ.R. 60(B) is liberally construed. Swaney v. Swaney (Aug. 7, 2000), 11th Dist. No. 99-G-2243, 2000 Ohio App. LEXIS 3526, at 7. However, "the rule may not be used as a substitute for a timely appeal, nor does it permit vacation merely to permit an appeal which would otherwise be untimely under App.R. 4(A)". Id.
 {¶ 7} The decision to grant or deny a Civ.R. 60(B) motion rests within the sound discretion of the trial court. Griffey,
supra, 77. Thus, the trial court's decision will not be disturbed unless its judgment was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 8} In order to prevail on a motion to set aside judgment, the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. Blankenship v. RickCase Honda/Izuzu (Mar. 27, 1987), 11th Dist. No. 1669, 1987 WL 9128, at 1, citing GTE Automatic Electric, Inc., supra. Each element must be met or the motion should be overruled.
 {¶ 9} With respect to the first prong of the foregoing test, Civ.R. 60(B) does not contain any specific provision requiring a movant to submit evidential material, such as an affidavit to support the motion for relief from judgment. Thrasher v.Thrasher (June 15, 2001), 11th Dist. No. 99-P-0103, 2001 Ohio App. LEXIS 2720, at 6. However, the movant must specifically allege operative facts which would support a meritorious claim or defense to the judgment. Elyria Twp. Bd. of Trustees v.Kerstetter (1993), 91 Ohio App.3d 599, 602. Alternatively, the second and third prongs require the movant to "submit material of an evidential quality that would indicate the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5) and that the motion is made within a reasonable time." Citibank N.A., v. Ohlin (Mar. 1, 2002), 11th Dist. No. 2000-T-0037, 2002 Ohio App. LEXIS 858, at 5, citing Thrasher, supra, at 5-6.
 {¶ 10} In the instant matter, the lower court denied appellant's motion without express justification. However, as far as we can discern, appellant meets the requisite elements of theGTE test and therefore the lower court abused its discretion when it denied her Civ.R. 60(B) motion.
 {¶ 11} First, appellant has alleged operative facts which would support meritorious claims for conversion and unjust enrichment.[2] Appellant's factual allegations are as follows: Appellant, as executrix of Ethel Kerner's estate, entered into an agreement to purchase a headstone for Kerner's burial plot. Appellant, who was Kerner's granddaughter, along with Kerner's other grandchildren, contributed to the purchase of the headstone which bore the inscription "We Will Miss You Gram." Kerner's children became angry because the stone did not reference them. Appellant advised the disconcerted parties that there was sufficient space to have the words "Beloved Mother" etched on the stone if they were to contribute to the stone's cost. No contribution was made and, in fact, one of Kerner's children threatened to remove the stone.
 {¶ 12} In light of this threat, appellant's counsel sent a letter to Kerner's children advising them not to remove or modify the headstone. However, several weeks later, appellant discovered a new inscription on the stone. Counsel for appellant sent a letter to Kerner's children demanding that they share the cost of the stone to the extent they appropriated it for their own purpose. Kerner's children refused to contribute; however, appellant alleged, that the children, through counsel, essentially admitted to modifying the monument. Under these circumstances, appellant has set forth sufficient facts alleging meritorious claims for conversion and unjust enrichment.
 {¶ 13} Next, appellant filed her Civ.R. 60(B) motion some thirty-seven days after the matter had been dismissed. The civil rule requires that a movant file a Civ.R. 60(B) motion within a reasonable time, not more than a year after the judgment. Appellant filed her motion for relief from judgment within a year of the court's dismissal. Further, under the circumstances, we cannot say thirty-seven days was an unreasonable filing time. Hence, appellant meets the third prong of the GTE test.
 {¶ 14} Finally, appellant contends that her failure to appear was a function of excusable neglect pursuant to Civ.R. 60(B)(1). The term "excusable neglect" is an obscure term which has no bright-line definition. Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 20. Such a determination must be made from the totality of facts and circumstances in each case. D.G.M., Inc.v. Cremeans Concrete Supply Co., Inc. (1996),111 Ohio App.3d 134, 138. However, the concept of "excusable neglect" must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed. Id. We are further mindful of our judicial system's preference for deciding cases on their merits whenever possible. Id.
 {¶ 15} However, a motion for relief from judgment shall not be awarded capriciously. A party must set forth evidence that his or her neglect was excusable; to wit, a "complete disregard of the judicial system" will not be countenanced under the guise of excusable neglect. See, e.g., Griffey, supra, at 79.
 {¶ 16} In the current matter, appellant put forth evidence to substantiate her motion in the form of an affidavit from her attorney. In his affidavit, appellant's counsel stated that, on or about July 18, 2002, he received notice continuing the trial that was formerly scheduled for July 30, 2002. However, appellant's counsel attested that he never received another notice rescheduling the trial and therefore did not know the trial had been scheduled for November 5, 2002.
 {¶ 17} Moreover, the record indicates that appellant did not claim notice of the rescheduled trial date. That is, although notice was sent, the docket sheet notes that the notice went unclaimed. We do not know nor does the record indicate why the notice was unclaimed. However, where timely relief is sought and the movant has a meritorious claim or defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so the case may be decided on its merits. GTE, supra, at syllabus. Under the circumstances, appellant supported her motion with operative facts warranting relief; as such, the trial court should have granted her motion for relief from judgment and abused its discretion in failing to due so.
 {¶ 18} Accordingly, appellant's sole assignment of error has merit. We therefore reverse the judgment of the Mentor Municipal Court and remand this case for proceedings consistent with this opinion.
O'Neill and Grendell, JJ., concur.
[1] The docket sheet reflects that the notice was sent, but went unclaimed.
[2] A claim for conversion involves the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from her possession under a claim inconsistent with her rights. Joyce v. General Morors Corp.
(1990), 49 Ohio St.3d 93, 96. Alternatively, a claim for unjust enrichment requires a party to prove: (1) she conferred a benefit on the defendant; (2) the defendant knew of the benefit; and (3) the defendant retained the benefit under the circumstances where it would be unjust for him to retain that benefit without payment. Pine v. Price, 7th Dist. No. 01-CO-46, 2002-Ohio-5223, at ¶ 19.