DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, David A. Riedel, appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, overruling his objections to the magistrate's decision dismissing his pending motions for failure to prosecute. We affirm.
 I. {¶ 2} Appellant and Appellee, Barbara J. Riedel, were divorced on April 28, 1992 in the Medina County Court of Common Pleas, Domestic Relations Division. Appellant filed a motion to show cause and a motion to modify child support on May 16, 2002, seeking to enforce his visitation rights with the couple's two children and to modify his support obligation due to a reduction in income. On July 16, 2002, Appellee filed her motion to modify the parenting time schedule then in existence. The parties appeared before the magistrate on November 20, 2002 for a hearing on all three of these motions. After negotiation, the parties presented only one disputed issue to the magistrate: i.e., when the agreed reduction in child support should take effect. The magistrate set the effective date as May 16, 2002 in a decision on November 21, 2002. The magistrate at that time informed the parties that they were to prepare an agreed Judgment Entry. Six months later, on April 21, 2003, Appellant filed a request to set a hearing because the parties were unable to agree on the terms of the Judgment Entry. The lower court scheduled a Status Call for May 14, 2003. At the hearing, the magistrate informed both parties that all pending motions would be dismissed unless an agreement was reached that day by the parties. Appellant's counsel stated that no agreement was forthcoming. Subsequently, the magistrate issued her decision to dismiss on May 16, 2003. Appellant filed objections to that decision on May 29, 2003, which were overruled by the lower court on June 11, 2003. Appellant timely appealed the June 11, 2003 judgment, raising one assignment of error.
 II. ASSIGNMENT OF ERROR
"The trial court erred in dismissing a post-divorce decree motion without prior notice to counsel for the parties."
 {¶ 3} In his sole assignment of error, Appellant argues that the trial court erred by failing to give notice to his counsel before dismissal, as required by Civ.R. 41(B). We disagree.
 {¶ 4} The decision to dismiss a case pursuant to Civ.R. 41(B) is within the sound discretion of the trial court. Quonset Hut,Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 47. Therefore, our review is limited to a determination of whether the trial court abused its discretion. Id. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 5} Civ.R. 41(B) provides:
 {¶ 6} "(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 7} Additionally, Medina County Court of Common Pleas Loc.R. 8.02 provides that the court, in its discretion, may dismiss an action if neither party prepares a judgment entry once ordered by the court to do so. Appellant argues that the magistrate's notice of a hearing was insufficient to meet the notice requirement of Civ.R. 41(B) and that no further notice was given. Contrary to that assertion, Appellant's presence at the hearing when the magistrate announced that dismissal was a possibility, if an agreement was not reached, satisfied the notice requirement of Civ.R. 41(B). Metcalf v. Ohio StateUniversity Hospitals (Nov. 19, 1981), 10th Dist. No. 81AP-590,2 Ohio App.3d 166, 167.
 {¶ 8} Additionally, the purpose of the notice requirement is to provide the defaulting party an opportunity to explain or correct the default, or to explain why dismissal is inappropriate. Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, 48. At the May 14, 2003 hearing, the magistrate informed both parties that all pending motions would be dismissed if the judgment entry was not filed that day. Appellant had failed to provide an entry during the six-month span prior to the hearing, despite Loc.R. 8.01 allowing one side to file a proposed entry with the court if the opposing side has objected to it. At the hearing, Appellant had the opportunity to explain his default. Instead, Appellant stated that no judgment entry was forthcoming.
 {¶ 9} Appellant again had the opportunity to explain his default by objecting to the magistrate's decision. This Court has previously held that the opportunity to object to the magistrate's recommendation to dismiss is also sufficient to comply with the notice requirement of Civ.R. 41(B). See State exrel. Ramsey v. Saunders (Dec. 15, 1993), 9th Dist. No. 16258.
 {¶ 10} Therefore, Appellant had notice of the possibility of dismissal through his presence at the hearing on May 14, 2003, and he was given an opportunity to explain his reasons for being in default at the hearing and through objections to the magistrate's decision. As such, we cannot say that the trial court abused its discretion in overruling Appellant's objections to the magistrate's decision dismissing Appellant's pending motions. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 11} Appellant's sole assignment of error is overruled, and the judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., concurs.
 Carr, P.J., concurs in judgment only.