DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Woodland Run Equine Veterinary Facility, Inc. has appealed from the judgment of the Cuyahoga Falls Municipal Court dismissing its claim with prejudice. This Court affirms.
 I {¶ 2} Appellant filed suit against Defendant-Appellee Charles Stanley on September 29, 2004. Appellant alleged that Appellee had opened a credit account and owed nearly $8,000 and had refused to pay. A trial before a magistrate was scheduled for April 27, 2005. Appellant failed to attend the trial. The following day, the magistrate issued his ruling, recommending that Appellant's complaint be dismissed with prejudice. Appellant did not object to the magistrate's decision. On May 17, 2005, the trial court adopted the magistrate's decision and dismissed Appellant's complaint. Appellant has timely appealed the trial court's judgment, asserting three assignments of error for review. For ease of review, we have consolidated Appellant's first and third assignments of error.
 II Assignment of Error Number One
"THE LOWER COURT ERRED IN DISMISSING PLAINTIFF-APPELLANT'S CAUSE OF ACTION WITH PREJUDICE PRIOR TO NOTICE OF COUNSEL."
 Assignment of Error Number Three
"THE LOWER COURT ERRED IN DISMISSING THE CAUSE OF ACTION WITH PREJUDICE, WITHOUT PRIOR NOTICE, AS REQUIRED BY DUE PROCESS."
 {¶ 3} In its first and third assignments of error, Appellant has argued that the trial court erred in dismissing its complaint. Specifically, Appellant has argued that the trial court failed to give the requisite notice prior to dismissing its complaint with prejudice. We disagree.
 {¶ 4} The decision to dismiss a case for failure to prosecute is within the sound discretion of the trial court. Quonset Hut,Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 47. Therefore, our review is limited to a determination of whether the trial court abused its discretion. Id. Abuse of discretion is more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. We must apply this standard of review with a heightened degree of scrutiny, however, because the trial court's decision "forever den[ied] a plaintiff a review of a claim's merits." Jones v. Hartranft (1997),78 Ohio St.3d 368, 372.
 {¶ 5} Motions to dismiss for failure to prosecute are governed by Civ.R. 41(B)(1), which provides, in relevant part:
"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
The purpose of the notice requirement of Civ.R. 41(B)(1) is to "provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Logsdon v. Nichols (1995),72 Ohio St.3d 124, 128, quoting McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 357, Section 13.07.
 {¶ 6} In support of reversal, Appellant has relied upon Holtv. Ayers (1988), 127 Ohio App.3d 535. We find Holt to be distinguishable as it did not involve a magistrate's decision that placed the party on notice that its cause of action would be dismissed. The opportunity to object to the magistrate's recommendation of dismissal is sufficient to meet the notice requirement of Civ.R. 41(B). Riedel v. Riedel, 9th Dist. No. 03CA0087-M, 2004-Ohio-4458, at ¶ 9. Such a procedure provided Appellant with the opportunity to explain its failure to appear, thus fulfilling the purpose of the notice requirement of Civ.R. 41(B).
 {¶ 7} Further, we are not persuaded by Appellant's assertion that it did not receive the magistrate's decision. We begin by noting that counsel's argument is not properly before this Court as it is nothing more than Appellant's bald assertions in its brief. No affidavit was filed in the trial court, and the record indicates that the magistrate's ruling was served. There is no indication in the record before this Court that Appellant was not properly served with the magistrate's decision. ContrastBrewster v. Fox, 11th Dist. No. 2003-L-010, 2004-Ohio-1145, at ¶ 17 (indicating that the docket reflected that notice of a scheduled court date had gone unclaimed). Herein, the magistrate issued his ruling recommending dismissal on April 28, 2005 and the record indicates that a copy of the ruling was sent to Appellant's counsel. As the magistrate's decision met the notice requirement of Civ.R. 41(B), Appellant's first and third assignments of error lack merit.
 Assignment of Error Number Two
"THE LOWER COURT ERRED IN DISMISSING THE CAUSE OF ACTION WITH PREJUDICE, WHICH WAS AN ABUSE OF DISCRETION BY THE LOWER COURT."
 {¶ 8} In its second assignment of error, Appellant has asserted that the trial court erred in failing to consider less drastic measures before dismissal. Specifically, Appellant has argued that it was diligent throughout the course of the litigation herein and that dismissal was too harsh. We disagree.
 {¶ 9} With respect to Appellant's claim that the trial court erred in failing to consider less drastic measures before dismissal, we find that Appellant has waived any error. Civ.R. 53(E)(3)(d) states as follows:
"A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under [Civ.R. 53(E)(3)]."
 {¶ 10} As noted above, Appellant failed to raise any objection to the magistrate's ruling which recommended dismissal. Accordingly, Appellant may not challenge the trial court's adoption of that recommendation. Appellant's second assignment of error lacks merit.
 III {¶ 11} Appellant's assignments of error are overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Moore, J., Concur.