[Cite as *Stewart v. Tabitha ("E")*, 2014-Ohio-1872.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


| | | |
|---|---|---|
| DELBERT G. STEWART, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-P-0009** |
| TABITHA ("E"), et al., | : | |
| Defendants-Appellees. | : | |


Civil Appeal from the Portage County Court of Common Pleas, Case No. 2011 CV 0318.

Judgment: Affirmed.


*Delbert G. Stewart*, pro se, 65 Johnson Road, Kent, OH 44240 (Plaintiff-Appellant).

*Mike DeWine*, Ohio Attorney General, and *Mark E. Mastrangelo*, Assistant Attorney General, State Office Building, 11th Floor, 615 West Superior Avenue, Cleveland, OH 44113-1899 (For Defendants-Appellees, Tabitha ("E"), Josette Frye, Charles Goellnitz, Susan Gentner, and Terry Potts).

*Eben O. McNair, IV* and *Catherine R. Donnelly*, Schwarzwald, McNair & Fusco, LLP, 616 Penton Media Building, 1300 East Ninth Street, Cleveland, OH 44114-1503 and *Michael Artz*, 1101 17th Street, N.W., Suite 900, Washington, DC, 20036 (For Defendant-Appellee, Gerald W. McEntee)


THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Portage County Court of Common Pleas. Appellant Delbert G. Stewart filed a motion for relief from judgment of the trial court's decision to dismiss his complaint against appellees Tabitha Elliot, Josette Frye, Charles Goellnitz, Susan Gentner, Terry Potts, Gerald W. McEntee, and the Bureau of

Worker's Compensation.[1]  Stewart timely appeals that decision.  For the reasons that follow, we affirm.

{¶2}  On March 16, 2011 appellant filed a lawsuit against appellees alleging that appellees were engaging in a civil conspiracy to extort or otherwise unlawfully obtain approximately $42,000 from him.  According to appellees, the Bureau of Worker's Compensation had determined that appellant's business had not made $42,850.50 worth of worker's compensation payments and were demanding payment from appellee.  The trial court dismissed the complaint for failure to state a claim on November 16, 2011.

{¶3}  On December 28, 2012, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(3).  The trial court denied this motion because it was untimely.

{¶4}  Appellant alleges three assignments of error:

{¶5}  "[1.] Judge Laurie Pittman committed prejudicial error on June 11, 2011 by granting Attorney Michael Artz of Washington D.C[.] his motion to dismiss under Civil Rule 12 when 'standing' as a Defense Attorney before the Portage County Common Pleas Court, did not exist pursuant to the provisions of the same Civil Rule 12, and/or Civil Rule 11.  In fact, a jury as the trier of fact had been properly demanded and was therefore defined as 'the court' cited in Civil Rule 39(A); not 'the bench' as defined within Civil Rule 39(B) for which Laurie Pittman was elected to occupy."

{¶6}  "[2.] Judge Laurie Pittman committed a second prejudicial error on June 29, 2011 when she denied the motion by the Plaintiff to proceed to trial pursuant to the provisions of Civil Rule 38 in as much as the 'Defendant's failure to defend pursuant to Civil Rule 12 within the cited restrictions of Civil Rule 11 was supposed to go forward

1.  According to appellant's complaint, Elliott and Frye are employees of the Ohio Bureau of Worker's Compensation; Goellnitz is a regional audit supervisor for the state and McEntee was, at the time of the complaint, the president of the American Federation of State County and Municipal Employees.

2

pursuant to the mandates of Civil Rule 28 and on 'to a jury' as 'the Court' pursuant to Civil Rule 39(A) with a 'jury' as the trier of fact in the adjudication of 2007JD02749."

{¶7} "[3.] On October 12, 2011, Assistant A.G. Mark Mastrangelo, 'without standing' to do so, filed a 'motion for dismissal pursuant to Civil Rule 12(H) (3)['] claiming Portage County 'lacked jurisdiction' and that Franklin County and the Court of Claims were the appropriate jurisdictions. Did not Judge Laurie Pittman commit a prejudicial error on November 16, 2011 by granting the October 12, 2011 motion to dismiss submitted by Assistant A.G. Mastrangelo when they both are obligated to know the Plaintiff is not a part of "the electorate" in Franklin County? Neither does he have an elective vote on who presides on 'the bench' in the Court of Claims as it is a 'Court of Conciliation' operated by the membership of the AFSCME."

{¶8} First, all of appellant's assignments of error relate to the trial court's decision to dismiss the complaint in 2011 instead of the denial of appellant's Civ.R. 60(B) motion. Because appellant did not appeal the trial court's decision to dismiss the action within 30 days, we cannot evaluate these assignments of error as if appellant were directly appealing that decision. App.R. 4(A); *Brewster v. Fox*, 11th Dist. Lake No. 2003-L-010, 2004-Ohio-1145, ¶6.

{¶9} To the extent that appellant's assignments of error are all alleging the trial court erred in denying his Civ.R. 60(B) motion, they are not timely. We review a denial of a Civ.R. 60(B) motion for an abuse of discretion. *Denittis v. Aaron Constr., Inc.*, 11th Dist. Geauga No. 2011-G-3031, 2012-Ohio-6213, ¶25. The term "abuse of discretion" is one of art, "connoting judgment exercised by a court, which does not comport with reason, nor the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30. This court has previously observed that when an appellate court is

3

reviewing a pure issue of law, "'the mere fact that the reviewing court would decide the issue differently is enough to find error * * *. [In] contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Sertz v. Sertz*, 11th Dist. Lake No. 2011-L-063, 2012-Ohio-2120, ¶31, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶67.

{¶10} Civ.R. 60(B) states in pertinent part that:

{¶11} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party * * *. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

{¶12} Appellant's motion was made pursuant to Civ.R. 60(B)(3). Because appellant's motion was not filed within the one year window permitted by Civ.R. 60(B), his motion is untimely. Therefore the trial court did not err in dismissing the motion.

{¶13} Appellant's three assignments of error are without merit. The judgment of the trial court is affirmed.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs with Concurring Opinion.

{¶14} I concur with the majority's opinion but write separately to note the problems pro se parties often encounter with our complex legal system. There is no requirement that a party hire an attorney to handle their legal issues. However, the failure to do so can often lead to matters being dismissed for technical reasons unrelated to the merits of the case.

{¶15} Here, the pro se plaintiff was unaware that he was required to seek redress regarding his Bureau of Workers' Compensation issues with the Court of Claims in Columbus rather than the local court of common pleas. While it may seem counter-intuitive to have to file such a claim outside of one's own county, the rules regarding administrative appeals of this type require it. Unfortunately, accessing the justice system often requires a level of proficiency not possessed by the average layman.

{¶16} I concur.