[Cite as *Karmasu v. Johnson*, 2026-Ohio-1750.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MAHARATHAH KARMASU

    Appellant

    v.

ROBERT L. JOHNSON, et al.

    Appellees

C.A. No.    31538

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2023-03-1004

DECISION AND JOURNAL ENTRY

Dated: May 13, 2026

HENSAL, Judge.

{¶1}    Maharathah Karmasu appeals a judgment of the Summit County Court of Common Pleas that dismissed his complaint because he did not appear for the final pretrial conference. For the following reasons, this Court affirms.

I.

{¶2}    Mr. Karmasu sued the company that operated the boarding house where he lived, the owner of the company, and its employees ("the boarding house"). In August 2024, a magistrate set the final pretrial conference for February 20, 2025. In its scheduling order, the court ordered the parties to be present for the conference and advised them that failure to comply with any orders of the court could result in sanctions, including an adverse judgment for failure to prosecute or defend. On February 6, 2025, the court issued another order, reminding the parties about the final pretrial conference and providing instructions to Mr. Karmasu about self-representation.

{¶3}     After Mr. Karmasu failed to attend the final pretrial conference, the magistrate determined that his complaint should be dismissed for failure to prosecute.  Mr. Karmasu objected, arguing that he was unable to attend the conference and represent himself.  He explained that he had been incarcerated until February 10, 2025, and was not able to gain entry to his residence until February 24, 2025.  He, therefore, did not see the February 6, 2025, order until after the final pretrial date and was unable to access any of the materials he would have needed for the conference.  He alleged that the February 6 order was his only notification about the final pretrial conference and that, if he knew it was scheduled, he would have appeared to request a continuance.  He also contended that other pro se litigants had missed final pretrial conferences but their cases were not dismissed.  The trial court overruled his objections, however, and dismissed the complaint.  Mr. Karmasu has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED A REVERSIBLE AND PLAIN ERROR WHEN IT VIOLATED PROCEDURAL RULES AND DUE PROCESS BY CONSIDERING OR FAILING TO STRIKE ALL MOTIONS FILED BY APPELLEE'S COUNSEL, STEPHEN HANUDEL WITHOUT A CERTIFICATE OF SERVICE SHOWING ALL PARTIES NOT IN DEFAULT WERE SENT A TRUE AND CORRECT COPY OF THAT FILING, THEREBY CREATING A FORUM SO PREJUDICED AND UNFAIR THAT IT VIOLATED APPELLANT['S] DUE PROCESS RIGHTS SECURED BY ART. ONE, SEC. 10 AND 16 OF THE CONSTITUTION OF THE STATE OF OHIO AND THE 5TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

{¶4}     In his first assignment of error, Mr. Karmasu argues that the trial court should have struck some of the boarding house's filings because they were not served properly.  He argues that the boarding house continued to serve him at the house, even though they knew he was incarcerated or barred from the property during those time periods.

{¶5} Under Civil Rule 61, this Court "must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." The magistrate issued her decision sua sponte after Mr. Karmasu did not attend the final pretrial conference, not based on a motion to dismiss filed by the boarding house. Although the trial court stated in its decision that it reviewed the boarding house's response to Mr. Karmasu's objections, the court's analysis did not refer to or overtly rely on anything the boarding house argued. Regarding other filings by the boarding house, considering the dismissal of the case for failure to prosecute, none of those filings were germane to the dismissal of the case. Accordingly, upon review of the record, we conclude that any error by the trial court in failing to strike the boarding house's motions and other filings was, at worst, harmless. Civ.R. 61. Mr. Karmasu's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

IT WAS REVERSIBLE ERROR AND ABUSE OF DISCRETION FOR THE TRIAL COURT TO DISMISS THE APPELLANT['S] ACTION WITH PREJUDICE WITHOUT ALLOWING A FAIR AND INFORMED OPPORTUNITY TO EXPLAIN WHY THE CASE SHOULD NOT BE DISMISSED WITH PREJUDICE THEREBY VIOLATING APPELLANT['S] DUE PROCESS RIGHTS SECURED BY ART. ONE, SEC. 10 AND 16 OF THE CONSTITUTION OF THE STATE OF OHIO AND THE 5TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

{¶6} In his second assignment of error, Mr. Karmasu argues that the trial court incorrectly dismissed his complaint with prejudice. He argues that the court should have given him an opportunity to explain why it should not dismiss his case. According to Mr. Karmasu, at the time of the conference, he was under a protection order that prevented him from going to the boarding house, which is where his records and mail were located. Mr. Karmasu also challenges the boarding house's response to his objections, noting that it argued he should be held to the same standard as a licensed attorney. Mr. Karmasu argues that the response was not served properly and that the boarding house filed documents after he filed a notice of appeal. He further argues

that this case should be remanded so that the trial court can consider his objections without considering the boarding house's improper filings.

{¶7} Civil Rule 41(B) provides that, if "the plaintiff fails to prosecute, . . . the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." "The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court." *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47 (1997). "[R]eview of such a dismissal is limited to determining whether the trial court abused its discretion." *Id.*

{¶8} Regarding notice, "[t]he purpose of notice is to 'provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.'" *Id.* at 48, quoting *Logsdon v. Nichols*, 72 Ohio St.3d 124, 128 (1995). "[If] a party fails to appear at a pretrial conference, such party must receive notice that the action will be dismissed sua sponte by the court, and if he does not receive such notice, the judgment entered against him may be vacated . . . ." *Geico Fin. Servs., Inc. v. VRR, Inc.*, 69 Ohio App.3d 556, 558 (1990).

{¶9} The trial court sent two notices to Mr. Karmasu that informed him that his failure to attend the final pretrial conference could result in an adverse judgment for failure to prosecute. He has not alleged that either notification was sent to an address other than the one he provided. Mr. Karmasu also had the opportunity to object to the magistrate's decision. *See Woodland Run Equine Veterinary Facility, Inc. v. Stanley*, 2005-Ohio-6988, ¶ 6 (9th Dist.) ("The opportunity to object to the magistrate's recommendation of dismissal is sufficient to meet the notice requirement of Civ.R. 41(B)."). Accordingly, we conclude that Mr. Karmasu had sufficient notice that his case could be dismissed if he did not attend the final pretrial conference and an opportunity to explain

why his case should not be dismissed. We also conclude that Mr. Karmasu has not established that the trial court exercised its discretion improperly when it dismissed his complaint.

{¶10} Regarding the boarding house's filings, this Court has already determined that they did not materially affect the trial court's decision. Mr. Karmasu's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

IT WAS REVERSIBLE ERROR AND ABUSE OF DISCRETION FOR THE TRIAL COURT TO CONSIDER UNSERVED PLEADINGS IN ITS DECISION TO DISMISS THE APPELLANT['S] ACTION WITH PREJUDICE, THEREBY VIOLATING THE APPELLANT['S] DUE PROCESS RIGHTS SECURED BY ART. ONE, SEC. 10 AND 16 OF THE CONSTITUTION OF THE STATE OF OHIO AND THE 5TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

{¶11} In his third assignment of error, Mr. Karmasu argues that the trial court should not have considered the response that the boarding house filed to his objections to the magistrate's decision because it was not served on him properly. He also incorporates by reference parts of argument in support of his second assignment of error.

{¶12} Mr. Karmasu's argument is redundant with his first assignment of error, in which he already argued that the trial court improperly considered the boarding house's response to his objections because it was not served properly. In addition, "a party may not incorporate the arguments contained in the other assignments of error to support a different assignment of error." *State ex rel. Midview Local School Dist. Bd. of Edn. v. Ohio School Facilities Comm.*, 2017-Ohio-6928, ¶ 29 (9th Dist.). Upon review of Mr. Karmasu's arguments, we conclude that he has not demonstrated reversible error by the trial court. Mr. Karmasu's third assignment of error is overruled.

III.

{¶13}   Mr. Karmasu's assignments of error are overruled.   The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.   A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.   App.R. 22(C).   The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

MAHARATHAH KARMASU, pro se, Appellant.

STEPHEN P. HANUDEL, Attorney at Law, for Appellee.