For the foregoing reasons, Wintersong's two assignments of error are sustained, the judgment of the trial court is reversed and Wintersong is discharged.

*Judgment reversed.*

REILLY, P.J., and JONES, J., concur.

FRED E. JONES, J., of the Twelfth Appellate District, sitting by assignment.

---

GEICO FINANCIAL SERVICES, INC., Appellee,

v.

VRR, INC., et al., Appellants.

[Cite as *Geico Financial Serv., Inc. v. VRR, Inc.* (1990), 69 Ohio App.3d 556.]

Court of Appeals of Ohio,
Lorain County.

No. 90CA004751.

Decided Sept. 26, 1990.

*Haywood McDuffie, Robert J. Marquard* and *Thomas A. Helper,* for appellee.

*Nicholas D. Satullo* and *Thomas R. Kelly,* for appellants.

CACIOPPO, Judge.

The case at bar was commenced on September 1, 1988 by the filing of a complaint by the plaintiff-appellee. On September 6, 1989, the defendants-

appellants filed counterclaims. On October 17, 1989, the trial court mailed notice of a status call to be held November 14, 1989. Counsel for the appellants failed to appear at the November 14 status call. The trial court, in response to the failure of counsel to attend the status call, dismissed the appellants' counterclaims with prejudice. Appellants appeal from this dismissal.

## Assignment of Error

"The trial court erred by: dismissing appellants' counterclaims with prejudice for want of prosecution as a result of appellants' failure to appear at status call, when the court's notice of status call contained no statement that a party's claims would be dismissed if that party failed to appear at the status call; by denying appellants' motion for reconsideration of such dismissal; and proceeding to enter final judgment on appellee's complaint without first adjudicating appellant's counterclaims."

Civ.R. 41(B)(1) provides:

"Involuntary dismissal: effect thereof.

"(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, *after notice* to the plaintiff's counsel, dismiss an action or claim." (Emphasis added.)

The notice contemplated by Civ.R. 41(B)(1) includes notice prior to dismissal and an opportunity to explain or correct a party's nonappearance. *Ford Motor Credit Co. v. Potts* (1986), 28 Ohio App.3d 93, 95, 28 OBR 136, 137, 502 N.E.2d 255, 257. The notice requirement of Civ.R. 41(B)(1) is an absolute prerequisite of dismissal for failure to prosecute, *Drescher v. Summers* (1986), 30 Ohio App.3d 271, 272, 30 OBR 469, 469, 507 N.E.2d 1170, 1171, and applies to all dismissals with prejudice. *Moeller v. Moeller* (Apr. 4, 1990), Summit App. No. 14382, unreported, 1990 WL 40176.

Before a trial court may dismiss a case with prejudice for failure to appear at a pretrial conference in accordance with a local rule, notice of the dismissal must be given to counsel pursuant to Civ.R. 41(B)(1). *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 3, 7 OBR 256, 257, 454 N.E.2d 951, 952. Where a party fails to appear at a pretrial conference, such party must receive notice that the action will be dismissed *sua sponte* by the court, and if he does not receive such notice, the judgment entered against him may be vacated pursuant to Civ.R. 60(B)(1). See *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St.3d 64, 18 OBR 96, 479 N.E.2d 879.

■ In the case at bar, there is nothing on the record to indicate that the appellants received the type of notice contemplated by Civ.R. 41(B)(1). While the Lorain County Court Rules do in fact provide for such a dismissal, such a dismissal is improper in the absence of notice pursuant to Civ.R. 41(B)(1). The primary objective and function of our courts is to adjudicate cases on their merits by applying the substantive law wherever possible, and not to adjudicate cases with finality upon a strained construction of procedural law yielding unjust results. *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 6 OBR 403, 405, 453 N.E.2d 648, 650.

In light of the provisions of Civ.R. 41(B)(1), and the well-established case law in Ohio, the action taken by the trial court in the case at bar was an abuse of discretion. Lesser sanctions than dismissal with prejudice were available to the court in this instance. See *Willis v. RCA Corp.* (1983), 12 Ohio App.3d 1, 2–3, 12 OBR 57, 58–59, 465 N.E.2d 924, 925–926.

Accordingly, the assignment of error is well taken, and the dismissal by the trial court is reversed and the cause is remanded to the trial court for proceedings in conformity with this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and BAIRD, J., concur.