Lori Lynn Leonard appeals the trial court's adoption of the arbitration award. Having found an error in the trial court's decision, we vacate the judgment of the trial court.
 I.
This appeal has its basis in Leonard's initiation of an action against T.W.I. Networks, Inc. on March 19, 1996, in the Cuyahoga County Court of Common Pleas. In September of 1996, the Cuyahoga County Court of Common Pleas transferred the case to Montgomery County on the basis of improper venue. Once in the Montgomery County Court of Common Pleas, the court referred the case to compulsory arbitration. After the arbitration panel heard the matter, the panel awarded Leonard a total of $264.03. The panel issued that entry on June 16, 1997.
On July 15, 1997, within thirty days of the arbitration panel's decision, Leonard submitted a Notice of De Novo Appeal as well as a Motion for Leave to Appeal In Forma Pauperis to the Montgomery County Clerk of Courts. On July 16, 1997, the Montgomery County Clerk of Courts filed the Motion for Leave to Appeal In Forma Pauperis, but rejected the Notice of Appeal and returned it to Leonard. The Clerk of Courts explained that the Motion for Leave to Appeal In Forma Pauperis had to be ruled upon before she could file her notice of appeal. On July 21, 1997, T.W.I. filed a motion to dismiss Leonard's appeal on the basis that she never filed a timely Notice of Appeal. T.W.I. also opposed Leonard's motion to proceed In Forma Pauperis as well as requested that the trial court confirm the arbitration panel's decision on the basis that Leonard failed to file a timely appeal.
On July 24, 1997, the trial court denied Leonard's motion to proceed In Forma Pauperis. On July 25, 1997, Leonard moved the court for leave to file a Notice of De Novo Appeal Nunc Pro Tunc. Leonard explained that a nunc pro tunc order was necessary because the Clerk of Courts incorrectly refused to accept her notice of appeal. Leonard requested that the court find that she properly appealed the arbitration panel's decision and that she did so within the time allowed by the local rules. For those reasons, Leonard requested that the court file a nunc pro tunc entry finding that Leonard's appeal be deemed to have been filed on July 16, 1997.
On July 28, 1997, the trial court confirmed the arbitration panel's award on the basis that Leonard failed to file a timely appeal of that decision. Leonard has now filed this timely appeal of the trial court's adoption of the arbitration panel's decision.
 I.
Because Leonard's assignments of error are closely related, we will consider them together. Leonard's two assignments of error are as follows:
 THE CLERK OF MONTGOMERY COUNTY COURT OF COMMON PLEAS SHOULD HAVE FILED THE APPELLANT'S NOTICE OF APPEAL DE NOVO WHEN IT WAS PRESENTED FOR FILING.
 MONTGOMERY COUNTY COURT OF COMMON PLEAS LOCAL RULE 2.35(XII) DOES NOT REQUIRE MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS TO BE RULED UPON PRIOR TO ACCEPTING A NOTICE OF APPEAL DE NOVO THAT ACCOMPANIES THE POVERTY APPLICATION.
Leonard argues that the Clerk of Courts should have accepted her notice of appeal. As we stated in the facts, the Clerk refused to accept her notice of appeal because, according to the Clerk, the court first had to issue a ruling on her Motion for Leave to Appeal In Forma Pauperis. Leonard argues that the Local Rules do not require that the court first rule on this issue before accepting one's notice of appeal. Assuming that the Clerk erred in refusing her notice of appeal, Leonard argues that the trial court erred in not granting her an appeal nunc pro tunc and in adopting the arbitration panel's decision on the basis that Leonard had not filed a timely appeal of that decision.
We agree with Leonard's contentions. Local Rule 2.35(XII) provides in pertinent part that:
 An appeal may be taken from an award made in an arbitration proceeding. All appeals shall be taken to the assigned judge and subject to the following conditions:
 A. All appeals shall be taken and all conditions of appeal shall be complied with within thirty (30) days after the entry of the award of the Board on the docket in the office of the Clerk of Courts.
* * *
Whenever an appeal is taken to the assigned judge, the appellant shall:
* * *
 2. Pay the Clerk of Courts an appeal fee of thirty-five ($35.00) dollars; and
 3. Files [sic] a notice of appeal with the Clerk of Courts and delivers a copy to the assigned judge and the adverse party or parties accompanied by an affidavit that the appeal is not being taken for delay.
C. Poverty Affidavit
 Any party who desires to appeal an award but is financially unable to do so may apply to the Court by written motion and affidavit which aver that by reason of poverty the party is unable to make the payments required for an appeal. Any party who files such a motion and affidavit shall serve a copy of the motion and affidavit on the opposing parties. If after due notice to the opposing party the judge is satisfied that the statements in the motion and affidavit are true, the judge may issue an order allowing the moving party to appeal even though the appeal costs have not been paid.
After reviewing this rule, we find that a plain reading of it does not support the Clerk of Court's interpretation. Although the Rule does state that all conditions of appeal have to be complied with within thirty days of the arbitration board's decision, we do not find that one of those conditions is the trial court's ruling on the party's motion to proceed on appeal in formapauperis. Rather, we find that the Rule requires that the party file his or her motion to proceed in forma pauperis within the thirty days. We find that this is the only reasonable interpretation of this Rule because, otherwise, a party could be denied his or her appeal if the trial court is unable to issue its ruling within the thirty day period. The unfairness in this is manifest. Hence, we conclude that the Rule only requires that the party file his or her notice of appeal and motion to proceed informa pauperis within thirty days of the arbitration panel's decision.
In the present case, Leonard did file her notice of appeal and motion to proceed in forma pauperis within the prescribed time. Thus, we can only conclude that the Clerk improperly refused to accept Leonard's notice of appeal. As a corollary, we find that the trial court erred in not granting Leonard's motion for an appeal nunc pro tunc and in adopting the arbitration panel's decision on the basis that Leonard had not filed a timely appeal.
Anticipating the possibility of this ruling, T.W.I. argues that even if the Clerk improperly refused Leonard's notice of appeal, that the issue of her appeal is moot because the trial court denied her motion to proceed in forma pauperis. We disagree with T.W.I.'s contention. When the trial court denies a party's motion to proceed in forma pauperis the court may not dismiss the appeal without first ordering the party to pay court costs within a reasonable time as directed by the court or suffer a dismissal of the appeal under Local Rule 2.15.
Local Rule 2.15 specifically requires that before dismissing an action, the court must give notice to the party that he or she has not complied with the local rules. Implicit in this is also that the court order the party to comply with the local rule within the time prescribed by the court or suffer a dismissal of the action. We find that this is implicit in the Local Rule because that Rule is virtually identical to Civil Rule 41(B). And Civil Rule 41(B) has been interpreted as requiring that before a court may dismiss an action, the court must first order the party that has not complied with the Civil Rules to comply, and to inform the party that if he or she does not comply with the court's order, the party's action will be dismissed. E.g., FordMotor Credit Co. v. Potts (1986), 28 Ohio App.3d 93. Furthermore, other courts have adopted an interpretation similar to the one we have espoused in this opinion. In Geico Financial Serv., Inc. v.VRR, Inc. (1990), 69 Ohio App.3d 556, for example, the court determined that a court may not dismiss a case for failure to comply with a local rule unless the court has first given the type of notice required under Civil Rule 41(B). In other words, the court found that a court must first give the party notice that he or she has not complied with the local rule and notice that if he or she does not comply within the time prescribed by the court, the action will be dismissed.
We find that it is necessary that Local Rule 2.15 be read in this manner because otherwise a party would have to move the court to proceed in forma pauperis at his or her own risk. The party would have to risk that the trial court may not find him or her to be indigent and that, as a result, he or she will automatically lose his or her right to an appeal. Surely it would be unjust that a person lose his or her right to appeal because one misjudged whether the court would find him or her indigent. The injustice is especially apparent in cases where the question of whether one is indigent is close. Based upon the foregoing reasons, the assignment of error is upheld, the judgment of the trial court is vacated, and the action is remanded to the trial court for further proceedings consistent with this opinion.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
Peter C. Myers
Robert A. Burke
Hon. John W. Kessler