OPINION
{¶ 1} Plaintiff-appellant Paul Monea appeals the February 14, 2007 Judgment Entry of the Stark County Court of Common Pleas dismissing his complaint against Defendants-appellants Kenneth A. Lanci and Linda J. Lanci for want of prosecution.
 STATMENT OF THE CASE {¶ 2} On October 25, 2006, Appellant filed a complaint against Appellees claiming an interest in certain real property owned by Appellees. Appellees counterclaimed claiming unpaid rent.
 {¶ 3} Via Judgment Entry of November 30, 2006, the trial court informed the parties of the dates scheduled in the matter, including a final pretrial date of February 13, 2007. The November 30, 2006 Judgment Entry states:
 {¶ 4} The following dates are herein set for this matter. ALLPRETRIALS WILL BE HELD ON THE FOURTH FLOOR OF THE STARK COUNTYCOURTHOUSE. FAILURE TO APPEAR AT ANY PRETRIAL CONFERENCE OR HEARING MAYRESULT IN AN ADVERSE JUDGMENT BEING ENTERED AGAINST THE PARTY NOTAPPEARING OR IN DEFAULT JUDGMENT BEING RENDERED WHEREVERAPPROPRIATE."
 {¶ 5} Neither Appellant nor his attorney appeared at the final pretrial on February 13, 2007. Via Judgment Entry of February 14, 2007, the trial court dismissed the case pursuant to Civil Rule 41(B).
 {¶ 6} Appellant now appeals, assigning as error:
 {¶ 7} "I. THE TRIAL COURT ERRED BY DISMISSING THIS ACTION WITHOUT PRIOR NOTICE TO APPELLANT." *Page 3 
 {¶ 8} Appellant's sole assignment of error asserts the trial court abused its discretion in dismissing his complaint pursuant to Rule 41(B)(1) without providing Appellant an opportunity to be heard relative to the failure to appear at the scheduled final pretrial in this matter.
 {¶ 9} The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. Quonset Hut v. FordMotor Company (1997), 80 Ohio St. 3d 46. Accordingly, our review of such a dismissal is limited to determining whether the trial court abused its discretion. Id. An abuse of discretion "connotes more than an error of law or judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court." Id; Pembaur v.Leis (1982), 1 Ohio St.3d 89.
 {¶ 10} Among the factors to be considered by the trial judge in determining whether dismissal under Civ.R. 37 is appropriate is the tenet "disposition of cases on their merits is favored in the law."Quonset Hut, supra; Ohio Furniture Co. v. Mindala (1986),22 Ohio St.3d 99, 101; Hawkins v. Marion Correctional Inst. (1986), 28 Ohio St.3d 4.
 {¶ 11} Ohio Civil Rule 41 (B)(1) governs dismissals for failure to prosecute:
 {¶ 12} "(B) Involuntary dismissal: effect thereof
 {¶ 13} "(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 14} In Quonset Hut supra, the Supreme Court held "for purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to *Page 4 
comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity todefend against dismissal.
 {¶ 15} * * *
 {¶ 16} "As noted above, the very purpose of notice is to provide a party with an opportunity to explain its default and/or to correct it." (1997), 80 Ohio St.3d 46 (Emphasis added.)
 {¶ 17} Accordingly, when a trial court proceeds under Civ.R. 41(B)(1) on its own motion to dismiss, it can do so only "after notice to the plaintiff's counsel" or to plaintiff. Svoboda v. City of Brunswick
(1983), 6 Ohio St.3d 348. The notice contemplated by Civ.R. 41(B)(1) includes notice prior to dismissal and an opportunity to explain or correct a party's nonappearance. Geico Financial Serv., Inc. v. VRR,Inc. (1990), 69 Ohio App.3d 556; Ford Motor Credit Co. v. Potts (1986),28 Ohio App.3d 93.
 {¶ 18} In the case sub judice, it is undisputed the trial court's November 30, 2006 Judgment Entry provided Appellant and Appellant's counsel with notice the case could be dismissed for failure to appear at the final pretrial. However, the trial court did not provide Appellant or Appellant's counsel with a reasonable opportunity to defend against the dismissal pursuant to Quonset Hut supra.
 {¶ 19} In Zils v. Hinton (July 17, 2000), Stark App. No. 2000CA000095, this Court held the trial court abused its discretion in dismissing the case pursuant to Civil Rule 41(B)(1) without providing plaintiff ample opportunity to defend against the dismissal. In Zils, the plaintiff received notice that a dismissal was a possibility. The judgment notifying appellant of the relevant dates clearly stated, in bold, underlined type, that failure to appear at any pre-trial conference may result in an adverse judgment being *Page 5 
entered against her. This Court found the plaintiff had clearly been informed the dismissal was a possibility. However, this Court further found the trial court did not give plaintiff a reasonable opportunity to defend against the dismissal, as required by Quonset Hut, supra. This Court opined:
 {¶ 20} "While the court states he telephoned counsel for appellant, and counsel had not returned the phone call, the court filed its judgment dismissing the case before the end of the business day on which appellant failed to appear and the telephone call occurred. The court abused its discretion in dismissing its case without a larger window of opportunity to defend against a dismissal. The assignment of error is sustained."
 {¶ 21} In light of the provisions of Civ.R. 41(B)(1), and the well-established case law in Ohio set forth above, we find the action taken by the trial court of dismissing Appellant's complaint constituted an abuse of discretion. Accordingly, the assignment of error is sustained, and the dismissal by the trial court is reversed. The case is remanded to the trial court for proceedings in accordance with the law and this opinion.
 By: Hoffman, P.J. Edwards, J. and Delaney, J. concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the dismissal by the trial court is reversed and the matter is remanded to the trial court for proceedings in accordance with the law and our opinion. Costs assessed to Appellee. *Page 1