[Cite as *Czyz v. Best Choice Moving, Inc.*, 2015-Ohio-3562.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CATHERINE E. CZYZ | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon.  Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| BEST CHOICE MOVING, INC., et al. | : | Case No. 14 CA 23 |
| | : | |
| Defendant - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:             Appeal from the Guernsey County
Court of Common Pleas, Case No.
13 CV 000558

JUDGMENT:             Affirmed in part;  Reversed and
Remanded in part

DATE OF JUDGMENT:             August 28, 2015

APPEARANCES:

For Plaintiff-Appellant             For Defendants-Appellees

CATHERINE E. CZYZ             DANIEL G. PADDEN
16 Van Keuren Avenue             Tribbie, Scott, Plummer & Padden
Bound Brook, NJ 08805             P.O. Box 640
             Cambridge, OH 43725-0640

*Baldwin, J.*

{¶1}    Plaintiff-appellant Catherine Czyz appeals from the November 6, 2014 Entry of the Guernsey County Court of Common Pleas denying her Motion to Reinstate Case and Motion to Re-Set Pretrial Mediation and her Motion for Default Judgment.

STATEMENT OF THE FACTS AND CASE

{¶2}    On December 11, 2013, appellant Catherine Czyz filed a Complaint of Possession against appellee Best Choice Moving, Inc.  In her complaint, appellant alleged that appellee had picked up property of hers in New Jersey and was to deliver the same to a home located in St. Clairsville, Ohio. Appellant alleged that appellee had not done so and that her belongings were taken to a storage facility in Old Washington, Ohio named "A Village Storage Lock-Up.".   The complaint sought the return of her property.

{¶3}    Appellee Best Choice Moving, Inc. was served with a copy of the complaint via certified mail on January 2, 2013.

{¶4}    On March 19, 2014, appellant filed a Motion for Default Judgment and Writ of Possession against appellee Best Choice Moving, Inc.  The trial court, pursuant to an Entry filed on March 19, 2014, denied the motion, finding that "A Village Lock Up Storage" should have been named as an additional party and was not joined in this case. The trial court granted appellant leave to join the additional party within fourteen (14) days.

{¶5}    Thereafter, on April 1, 2014, appellant filed an Amended Complaint adding A Village Storage Lock-Up as a defendant.  On April 3, 2014, A Village Storage Lock-Up filed a Motion to Dismiss the Amended Complaint, alleging that appellant had incorrectly

named the entity and that the correct entity was Rick Casterline and Sheila Casterline dba A Village Storage Lock-Up. Pursuant to Magistrate's Orders filed on April 14, 2014, the trial court granted appellant thirty (30) days within which to file a Second Amended Complaint to reflect the legal name of Rick Casterline and Sheila Casterline, dba The Village Lock-Up and to add Roman Sakhorov, an alleged employee of appellee Best Choice Moving, as a defendant. The trial court stated that appellant could renew her Motion for Default Judgment, if appropriate, after filing and serving the Second Amended Complaint.

{¶6} On May 7, 2014, appellant filed a Motion for Default Judgment on Amended Complaint and Writ of Possession against appellee A Village Storage Lock-Up and a Motion for Default Judgment on Complaint and Amended Complaint and Writ of Possession against appellee Best Choice Moving, Inc. The Magistrate, pursuant to Orders filed on May 7, 2014, denied both motions, stating that appellant had failed to comply with the April 14, 2014 Orders. The Magistrate stated that no further pleadings would be accepted from appellant until appellant had filed a Second Amended Complaint on or before May 14, 2014 and served the same as instructed. The Magistrate's Orders stated that "should appropriate pleadings not be filed on or before May 14, 2014, this case may be administratively dismissed by the court."

{¶7} On May 15, 2014, appellant filed a Second Amended Complaint against appellees Best Choice Moving, Inc. Rick Casterline and Sheila Casterline dba A Village Storage Lock-Up and Roman Sakhorov. Rick Casterline and Sheila Casterline dba A Village Storage Lock-Up filed an answer to the Second Amended Complaint on May 23,

2014. Appellees Best Choice Moving, Inc. and Roman Sakhorov were served via certified mail on May 22, 2014.

{¶8} On July 18, 2014, the Magistrate filed Scheduling Orders setting forth various dates. The Magistrate scheduled a final pretrial conference for November 3, 2014. On October 27, 2014, appellant filed a motion seeking an extension of time within which to file a Motion for Summary Judgment and to conduct discovery and a Motion for Default against appellees Best Choice Moving, Inc. and Roman Sakhorov. The Magistrate, in an Order filed on October 29, 2014, denied the same.

{¶9} A final settlement pretrial was held on November 3, 2014 before a Magistrate. Appellant did not appear for the same. The Magistrate, in a Decision filed on November 4, 2014, recommended that appellant's case be dismissed for failure to prosecute. The Magistrate noted that while there had been some confusion as to appellant's address, appellant "did acknowledge in her pleading filed on October 27, 2014 that she had received a copy of the Scheduling Order. Plaintiff has had no further contact with the Court and failed to appear." A Final and Appealable Order adopting the Magistrate's Decision was filed on the same day.

{¶10} Appellant, on November 4, 2014, filed a Motion to Reinstate Case and Motion to Re-Set Pre-Trial Mediation. Appellant, in her motion, alleged that she had been in other states and did not receive a copy of the Court's July 18, 2014 Order setting the November 3, 2014 pretrial until she received it by e-mail on October 9, 2014. Appellant further stated that she had advised the court by letter "last month" that she was back in Florida and that she could not reschedule her calendar in time to make the pretrial mediation scheduled for November 3, 2013 and make the trip from Florida to

Ohio. Appellant, on the same date, also filed a Motion for Default Judgment against appellees Roman Sakhorov and Best Choice Moving, Inc. The trial court, as memorialized in an Entry filed on November 6, 2014, denied all of the motions. The trial court denied appellant's November 4, 2014 Motion for Default Judgment as moot.

{¶11} Appellant now raises the following assignments of error on appeal:

{¶12} 1. WHETHER THE TRIAL COURT ERRED IN NOT DEFAULTING DEFENDANT, BEST CHOICE MOVING, INC. ON THE COMPLAINT, AND BY NOT DEFAULTING DEFENDANTS, BEST CHOICE MOVING, INC., DEFENDANT, SAKHOLOV (SIC), AND DEFENDANT, A VILLAGE STORAGE LOCK-UP, ON THE AMENDED COMPLAINT, AND BY NOT DEFAULTING DEFENDANTS, SAKHOLOV (SIC) AND BEST CHOICE MOVING, INC. ON THE PLAINTIFF'S SECOND AMENDED COMPLAINT?

{¶13} II. WHETHER THE TRIAL COURT ERRED BY DISMISSING THE CASE WHEN THERE WAS EXCUSABLE NEGLECT?

{¶14} II. WHETHER THE TRIAL COURT ERRED IN RENDERING JUDGMENT IN FAVOR OF DEFENDANTS, CASTERLINES, WITHIN THE ORDER OF DISMISSAL?

I

{¶15} Appellant, in her first assignment of error, argues that the trial court erred in denying her Motion for Default against appellee Best Choice Moving on all of the complaints, against appellee A Village Storage Lock-Up on the Amended Complaint and against Roman Sakharov on the Second Amended Complaint.

{¶16} A trial court's decision to grant or deny a motion for default judgment is reviewed for an abuse of discretion. *Queen v. Hanna,* 2012–Ohio–6291, 985 N.E.2d 929, ¶ 20 (4th Dist.) citing *Dye v. Smith,* 189 Ohio App.3d 116, 2010–Ohio–3539, 937 N.E.2d 628, ¶ 7 (4th Dist.). An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E. 2d 1140 (1983).

{¶17} Civ.R. 55(A) provides in pertinent part:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.

{¶18} We find that the trial court did not abuse its discretion in denying appellant's initial Motion for Default Judgment against appellee Best Choice Moving, Inc. on the Complaint. While such party had not filed an answer to appellant's complaint, as noted by the trial court in its March 19, 2014 Entry:

The court further finds that Plaintiff proposed "Order of Final Default Judgment And Writ of Possession"

commands the "Guernsey County Sheriff" to deliver all of the Plaintiff's Catherine Czyz's, belongings stored at any and all of the storage units located at A Village Lock Up Storage in Old Washington, Guernsey County, Ohio to the Plaintiff forthwith". The Court finds that "A Village Lock Up Storage" in Old Washington, Ohio is not a named party in this case and is not before the Court.

The Court therefore, finds that Plaintiff's Motion for Default Judgment And Writ of Possession must be, and hereby is, DENIED at this time as the proper additional party (A Village Lock Up Storage) has not been joined in this case.

{¶19} We find that the trial court's decision was not arbitrary, unconscionable or unreasonable based on the trial court's finding that a necessary party had not been joined.

{¶20} Appellant further alleges that the trial court erred in denying her request for default judgment against appellees Best Choice Moving, Inc., Roman Sakhorov and A Village Storage Lock-Up on her Amended Complaint.

{¶21} On April 1, 2014, appellant filed an Amended Complaint against appellees Best Moving, Inc. and A Village Storage Lock-Up. Appellee Roman Sakhorov was not named as a defendant. In response, appellee A Village Storage Lock-Up filed a Motion to Dismiss, alleging that appellant had incorrectly named the wrong entity. The trial court, in Magistrate's Orders filed on April 14, 2014 and signed by the trial judge, granted appellant thirty days within which to file a Second Amended Complaint "to

reflect the legal name of 'Rick Casterline and Sheila Casterline, dba The Village Lock-Up' and add 'Roman Sakhorov' ...as party defendant. The court, in the April 14, 2014 Orders, stated, in relevant part, as follows:

{¶22} "3 (a). Defendants "Rick Casterline and Sheila Casterline, dba The Village Lock-Up" shall be served with Amended Complaint by serving same on Attorney Daniel G. Padden.

{¶23} "3 (b). Plaintiff shall cause Defendant's "Roman Sakhorov" and "Best Choice Moving, Inc." to be served with Ohio Rules of Civil Procedure.

{¶24} "4. Upon filing (and service of) Second Amended Complaint and expiration of response time in accord Ohio law, Plaintiff may renew her Motion for Default Judgment if appropriate."

{¶25} However, in disregard of the trial court's order, appellant, on May 7, 2014, filed a Motion for Default Judgment on Amended Complaint and Writ of Possession against appellee Best Choice Moving, Inc. and a Motion for Default Judgment on Complaint and Amended Complaint and Writ of Possession against appellee Best Choice Moving, Inc. The trial court denied both motions because appellant had failed to comply with the April 14, 2014 Orders. We find that the trial court did not abuse its discretion in denying such motions. The trial court's decision was not arbitrary, unconscionable or unreasonable.

{¶26} Appellant finally argues that the trial court erred in denying her Motion for Default Judgment against Roman Sakharov and Best Choice Moving on the Second Amended Complaint. The Second Amended Complaint was filed on May 15, 2014.

{¶27}  We note that appellant did not file her motion until after the trial court had dismissed her case. The trial court, therefore, properly denied the same as moot.

{¶28}  Appellant's first assignment of error is, therefore, denied.

II

{¶29}  Appellant, in her second assignment of error, argues that the trial court erred by dismissing her case for lack of prosecution "when there was excusable neglect."

{¶30}   Ohio Civil Rule 41(B)(1) governs dismissals for failure to prosecute:

{¶31}   "**(B) Involuntary dismissal: effect thereof**

{¶32}   "*(1) Failure to prosecute.* Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶33}  The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. *Quonset Hut v. Ford Motor Company,* 80 Ohio St.3d 46, 684 N.E.2d 319 (1997). Accordingly, our review of such a dismissal is limited to determining whether the trial court abused its discretion. *Id.* An abuse of discretion "connotes more than an error of law or judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court." *Id; Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982).

{¶34}  In *Quonset Hut* supra at 49, the Supreme Court held "for purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a … order when counsel has been informed that dismissal is a possibility *and has had a reasonable opportunity to defend against dismissal.*"  (Emphasis added).

The court noted that "the very purpose of notice is to provide a party with an opportunity to explain its default and/or to correct it." Id.

{¶35} Accordingly, when a trial court proceeds under Civ.R. 41(B)(1) on its own motion to dismiss, it can do so only after notice to the plaintiff's counsel" or to plaintiff. *Svoboda v. City of Brunswick*, 6 Ohio St.3d 348, 453 N.E.2d 648 (1983). The notice contemplated by Civ.R. 41(B)(1) includes notice prior to dismissal and an opportunity to explain or correct a party's nonappearance. *Geico Financial Serv., Inc. v. VRR, Inc.* , 69 Ohio App.3d 556, 591 N.E.2d 294 (9th Dist. 1990).

{¶36} As is stated above, the trial court dismissed appellant's case for lack of prosecution after appellant failed to appear for the final pretrial conference on November 3, 2014. The Scheduling Orders setting the date, which was filed on July 18, 2014, stated that "Designated trial counsel and their clients **SHALL** attend said final settlement pretrial conference." However, the Orders did not advise appellant that failure to appear could result in dismissal. We find, therefore, that the trial court erred in dismissing appellant's case.

{¶37} Appellant's second assignment of error is, therefore, sustained.

III

{¶38} Appellant, in her third assignment of error, argues that the trial court did not have authority to, in a November 6, 2014 Entry, grant judgment in favor of the Casterlines.

{¶39} Based on our disposition of appellant's second assignment of error, appellant's third assignment of error is sustained.

{¶40} Accordingly, the judgment of the Guernsey County Court of Common Pleas is sustained in part and reversed in part. This matter is remanded for further proceedings consistent with this Opinion.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.